# EDWARDS POTTINGER LLC

| Florida Office | 425 North Andrews Avenue<br>Suite 2<br>Fort Lauderdale, FL 33301 | New York Office |
|---|---|---|
| Bradley J. Edwards *◊ꭎ<br>Seth M. Lehrman *†<br>Brittany N. Henderson *◊<br>Matthew D. Weissing *ꭎ | Telephone (954)524-2820<br>Fax (954)524-2822 | J. Stanley Pottinger ‡<br><br>† Admitted in California<br>◊ Admitted in District of Columbia<br>* Admitted in Florida<br>‡ Admitted in New York<br>ꭎ Board Certified Civil Trial Lawyer |

November 12, 2019

**FILED VIA ECF**

Magistrate Judge Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

**Re:** *Katlyn Doe v. Darren K. Indyke and Richard D. Kahn as Joint Personal Representatives of the Estate of Jeffrey E. Epstein, et al.*, **1:19-cv-07771 (PKC)**

Dear Judge Freeman:

We represent Plaintiff, Katlyn Doe, in the above referenced action. On November 12, 2019, counsel for Defendants authored a letter to the Court requesting a two-week extension to answer, move or otherwise respond to Plaintiff's Complaint, from November 15, 2019 to November 29, 2019. [DE 38].

Plaintiff filed her complaint in this matter on August 20, 2019. On September 10, 2019, counsel for Defendants agreed to accept service of Plaintiff's complaint on behalf of all Defendants thereby making Defendants' respective responsive pleadings due on October 1, 2019—twenty-one days later. At the request of Defendants, Plaintiff granted all Defendants an extension of time to respond to Plaintiff's complaint through and including November 15, 2019, pending court approval of said agreement. All parties also agreed to adjourn to a mutually agreeable date after November 15 any court conferences scheduled to occur before then pending approval.

Counsel for Defendants now seek an additional "two week extension of Defendants' time to answer, move or otherwise respond to Plaintiff's Complaint from November 15, 2019 to November 29, 2019" while representing that "[t]his is the first request for an extension of this deadline." While it may be semantically true that this is the first request for an extension of this deadline that Defendants have made to this Court, it is certainly not the first request for extension nor the first extension as Plaintiff has already graciously provided Defendants with a forty-five (45) day extension to respond to her complaint.

Furthermore, in framing Plaintiff's position on such request for further extension, Defendants represented to the Court that Plaintiff "cannot agree to postpone the conference" indicating that Defendants are not seeking an adjournment of the Initial Pretrial Conference. However, the conference that Plaintiff does not agree to postpone is the Rule 26(f) Conference that per the Federal Rules of Civil Procedure and the local rules of this Court must occur by November 22, 2019—twenty-one days prior to the Initial Pretrial Conference which is set to occur on December 13, 2019. To date, Plaintiff has asked counsel for Defendants to provide dates and times to conduct the Rule 26(f) Conference on more than one occasion to no avail. At this time, Plaintiff requests that the Court Order Defendants to comply with their Rule 26(f) obligations and engage in the conference by the November 22, 2019 deadline.

Pertinently, in seeking the additional fourteen (14) day extension, counsel for Defendants represented to Plaintiff that the need for further extension arises from Defendants' intent to file a pleading in a Court in the United States Virgin Islands relating to the Estate of Jeffrey E. Epstein, which will provide information on a "claims resolution program." Consistent with the philosophy of this Court as outlined in the Court's form Civil Case Management Plan and Scheduling Order, Plaintiff does not believe that the use of any alternative dispute resolution mechanism should stay or modify the course of litigation in this matter.

Plaintiff intends to issue discovery and begin taking depositions as soon as permitted by the Federal Rules of Civil Procedure and the local rules of this Court given the voluminous discovery that is anticipated to occur in this case as it pertains to all Defendants. There is no reason to provide Defendants with an additional fourteen (14) day extension as they have already been provided with an additional forty-five (45) days to respond to Plaintiff's Complaint. Furthermore, absent relief from the Court, Defendants are obligated to participate in the Rule 26(f) conference in this matter by Friday, November 22, 2019. Being that the basis for Defendants' currently requested extension relates to alternative dispute resolution mechanisms, Plaintiff respectfully requests that this Court deny Defendants' request and allow her case to proceed without further delay.

Respectfully Submitted,

Bradley J. Edwards