# EP | EDWARDS POTTINGER LLC

**Florida Office**

Bradley J. Edwards *◊⧧
Seth M. Lehrman *†
Brittany N. Henderson *◊
Matthew D. Weissing *⧧

**425 North Andrews Avenue
Suite 2
Fort Lauderdale, FL 33301**
_____

Telephone (954)524-2820
Fax (954)524-2822

**New York Office**

J. Stanley Pottinger ‡

† Admitted in California
◊ Admitted in District of Columbia
* Admitted in Florida
‡ Admitted in New York
⧧ Board Certified Civil Trial Lawyer

December 11, 2019

Leave to amend is GRANTED provided the amended pleading is filed by January 3, 2020. There will be a conference on January 8, 2020 at 10:30 a.m. in Courtroom 11D. SO ORDERED.

Dated: 12/12/2019

P. Kevin Castel
United States District Judge

**FILED VIA ECF**

Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:     *Katlyn Doe v. Darren K. Indyke and Richard D. Kahn as Joint Personal Representatives of the Estate of Jeffrey E. Epstein, et al.*, **1:19-cv-07771 (PKC)**

Dear Judge Castel:

We represent Plaintiff Priscilla Doe in the above-captioned action. Plaintiff filed her complaint in this matter on August 20, 2019. [DE 01]. The Initial Pre-trial Conference in this matter was previously scheduled for December 13, 2019 at 10:45am. [DE 37]. On November 13, 2019, the Court vacated the conference. [DE 41]. Plaintiff respectfully requests that the Initial Pre-Trial Conference be rescheduled, perhaps to the same date as the Pre-Motion Conference that has been requested by Defendants as to permit the parties to additionally engage in meaningful discussions regarding discovery and resolution of this case.

On November 29, 2019, Defendants filed a letter motion pursuant to your Honor's Individual Practice Section 2(A) to request a conference before moving to dismiss Plaintiff's complaint for failure to state a claim. [DE 42]. In such request, Defendants propose the following briefing schedule for their anticipated motion to dismiss: Defendants' moving brief by December 20, 2019; Plaintiff's response brief by January 20, 2020; and Defendants' reply brief by February 4, 2020. Plaintiff does not have any objection to this proposed schedule. However, pursuant to Section 3(A)(v) of your Honor's rules, Plaintiff does respectfully request leave to amend her complaint in response to Defendant's anticipated motion to dismiss. Nevertheless, Plaintiff will briefly, sequentially respond to each of Defendants' points.

1. **Plaintiff's claims against the Corporate Defendants are sufficiently plead as they are not conclusory and Plaintiff has not engaged in "group pleading."**

December 11, 2019
Page 2

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to drawn the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, Plaintiff has not engaged in group pleading. Plaintiff has thoroughly laid out a factual basis that applies to each of the respective Defendants. Each delineated cause of action specifies one particular Defendant and includes the specific factual basis for that Defendant to support the cause of action as is required under New York law. The language of the Complaint is clear, each of the Defendants committed violations of the sex trafficking statute.

> **a-d.** **Count III: Negligent Security Against Nine East**
> **Count IV: Negligence Against FTC**
> **Count V: Negligence Against NES**
> **Count VI: Negligence Against JEGE**

Defendants attempt to utilize a similar, if not exact, argument in response to each of Plaintiff's claims of negligence against Defendants. Recognizing that Plaintiff will respond in full to Defendants' Motion to Dismiss her claims, Plaintiff responds in general herein. The "duty to take minimal protective measures arises when it can be shown that the possessor of the property "either knows or has reason to know from past experience 'that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety of the visitor.'" *Provenzano v. Roslyn Gardens Tenants Corp.*, 190 A.D.2d 718 (1993) (citing *Nallan v. Helmsley– Spear, Inc.*, 50 N.Y.2d 507, 519, 429 N.Y.S.2d 606, 407 N.E.2d 451, quoting Restatement [Second] of Torts, § 344)). Furthermore, "[a] possessor of land who holds it open to the public * * * is subject to liability to members of the public while they are upon the land * * * for physical harm caused by the * * * intentionally harmful acts of third persons * * * and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it" *Nallan v. Helmsley– Spear, Inc.*, 50 N.Y.2d 507, 519, 429 N.Y.S.2d 606, 407 N.E.2d 451 (Restatement, Torts 2d, s 344). Pursuant to New York law, "nondelegable duty exception, which is applicable where the party 'is under a d[o]uty to keep premises safe'" (Backiel v. Citibank, 299 A.D.2d 504, 505, 751 N.Y.S.2d 492, quoting *Rosenberg v. Equitable Life Assur. Socy. of U.S.*, 79 N.Y.2d at 668, 584 N.Y.S.2d 765, 595 N.E.2d 840; *see Brothers v. New York State Elec. & Gas Corp.*, 11 N.Y.3d 251, 257–258, 869 N.Y.S.2d 356, 898 N.E.2d 539; *Blatt v. L'Pogee, Inc.*, 112 A.D.3d at 869, 978 N.Y.S.2d 291). In such instances, the party "is vicariously liable for the fault of the independent contractor because a legal duty is imposed on it which cannot be delegated." *Horowitz v. 763 Eastern Associates, LLC*, 125 A.D.3d 808 (2015) (*Rosenberg v. Equitable Life Assur. Socy. of U.S.*, 79 N.Y.2d at 668).

Furthermore, an employer is required to answer in damages for the tort of an employee against a third party when the employer has either hired or retained the employee with knowledge of the employee's propensity for the sort of behavior which caused the injured party's harm. *Kirkman by Kirkman v. Astoria General Hosp.*, 204 A.D.2d 401 (1994) (citing *Detone v. Bullit Courier Service, Inc.*, 140 A.D.2d 278, 279, 528 N.Y.S.2d 575). "Where a person voluntarily

425 North Andrews Avenue, Suite 2, Fort Lauderdale, Florida 33301
954.524.2820 office    954.524.2822 fax

December 11, 2019
Page 3

assumes the performance of a duty, he is required to perform it carefully, not omitting to do what an ordinarily prudent person would do in accomplishing the task." *Wolf v. City of New York*, 39 N.Y.2d 568, 573.  A defendant who voluntarily assumes a duty to act with reasonable care toward others may be held liable for breach of that duty if the plaintiff relied on the defendant's undertaking and if the defendant's act or failure to act placed the plaintiff in a more vulnerable position than if the obligation had not been assumed. *Heard v. City of New York*, 82 N.Y.2d 66. "The query always is whether the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm, or has stopped where inaction is at most a refusal to become an instrument for good." *Id.* citing *H.R. Moch Co. v. Rensselaer Water Co.*, 247 N.Y. 160, 168. In *Miller v. State of New York*, 62 N.Y.2d 506, the court distilled the holding of *Nallan* as imposing on the owner or possessor of land "a duty to maintain minimal security measures, related to a specific building itself, in the face of foreseeable criminal intrusion upon tenants." *Miller v. State of New York*, 513, 478 N.Y.S.2d 829. Plaintiff asserts many allegations to substantiate her claims against each Corporate Defendant based on the aforementioned applicable legal standards.

Next, Defendants argue that Plaintiff fails to provide the specific identity of any person who acted on behalf of the Corporate Defendants; however, the Second Circuit has made clear that the *Twombly* plausibility standard, "does not prevent a plaintiff from 'pleading facts alleged 'upon information and belief'' where the facts are peculiarly within the possession and control of the defendant," *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citing *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir.2008)). In fact, "[p]rior to discovery, plaintiff need not explain the details of each defendant's role in the planning, funding, and executing defendants' alleged joint [] scheme." *Hudak v. Berkley Grp., Inc.*, No. 3:13-CV-00089-WWE, 2014 WL 354676, at *4 (D. Conn. Jan. 23, 2014); *see also Tardibuono-Quigley v. HSBC Mortg. Corp. (USA)*, No. 15-CV-6940 (KMK), 2017 WL 1216925, at *8 (S.D.N.Y. Mar. 30, 2017); *c.f. Precision Assocs., Inc. v. Panalpina World Transp., (Holding) Ltd.*, No. CV-08-42 JG VVP, 2013 WL 6481195, at *12 (E.D.N.Y. Sept. 20, 2013), report and recommendation adopted, No. 08-CV-00042 JG VVP, 2014 WL 298594 (E.D.N.Y. Jan. 28, 2014).

e. **Counts VIII through XV: Violations of 18 U.S.C. Section 1595 Against Florida Science, Nine East, Maple, LSJ, FTC, NES, HBRK, and JEGE, Respectively**

Defendant claims that Plaintiff's TVPA actions against the Corporate Defendants fail in wholesale because she fails to allege that anyone acting on behalf of any Corporate Defendant's had knowledge of Jeffrey Epstein's conduct. Defendants' arguments here are premature given the present posture of this case.  Such arguments would be more properly suited for a later stage in the pleadings upon the conclusion of discovery in this matter.  There are a plethora of allegations within the four corners of Plaintiff's complaint to refute this point of contention.

**2. Plaintiff's TVPA claims are not time-barred.**

As it relates to Plaintiff's claims pursuant to the Trafficking Victims Protection Act, Plaintiff's claims were filed well within the applicable ten-year statute of limitations, a fact that is acknowledged by Defendants. 15 U.S.C. § 1591(c).

425 North Andrews Avenue, Suite 2, Fort Lauderdale, Florida 33301
954.524.2820 office    954.524.2822 fax

3. **Count 1 and Count 2 of Plaintiff's complaint are neither time-barred nor impermissibly duplicative of one another.**

Defendants argue that Plaintiff's cause of action for battery under New York law is time barred pursuant to CPLR § 215(3). However, pursuant to CPLR § 215(8)(a) "[w]henever it is shown that a criminal action against the same defendant has been commenced with respect to the event or occurrence from which a claim governed by this section arises, the plaintiff shall have at least one year from the termination of the criminal action as defined in section 1.20 of the criminal procedure law in which to commence the civil action, notwithstanding that the time in which to commence such action has already expired or has less than a year remaining." The criminal action against Jeffrey Epstein terminated on August 27, 2019. Consequently, in accord with New York law, Plaintiff has until August 27, 2020 to file any claim for battery or personal injury.

Counts I and II of Plaintiff's complaint are not duplicative of each other. Count I is a claim for battery, which is permissibly pled on the basis of the commencement of the criminal action, while Count II is a claim pursuant to the CVA. Furthermore, Count I is applicable to the sexual abuse that Plaintiff suffered at the hands of Jeffrey Epstein when she was an adult whereas Count II is specifically applicable to the sexual abuse that Plaintiff suffered as a minor child. While they may encompass the same conduct, alternative theories of recovery are permitted at the pleading stage. *See, e.g., Speed Auto Sales, Inc. v. Am. Motors Corp.*, 477 F. Supp. 1193, 1198 (E.D.N.Y. 1979).

4. **Plaintiff's claims for punitive damages are not precluded by NY EPTL Section 11-3.2.**

Defendant contends that punitive damages are not permitted against any Defendant in this action. It is Plaintiff's position that punitive damages are warranted against the Estate in this case where the Estate is domiciled in the United States Virgin Islands as a result of Mr. Epstein purposefully availing himself to the jurisdiction. In terms of the corporate Defendants, each corporation engaged in sex trafficking, which is exactly the type of act for which punitive damages are permitted. *See, e.g., Doralee Estates, Inc. v. Cities Serv. Oil Co.*, 569 F.2d 716 (2d Cir. 1977).

5. **This Court has personal jurisdiction over Florida Science (Count VIII) and LSJ (Count XI) by way of Jeffrey Epstein's conduct.**

Defendants argue that Plaintiff failed to meet her burden of establishing the Court has personal jurisdiction over Defendant Florida Science and LSJ under New York's long-arm statute. However, Jeffrey Epstein was the acting on behalf of the each company when he was present in New York recruiting, enticing, harboring, and soliciting young females, including Plaintiff, to transport them across state lines to his private island located in the United States Virgin Islands and owned by Defendant LSJ. He was doing the same when he flew Plaintiff from the state of New York to the state of Florida to engage in sexual activity at his behest during the same time in which he was incarcerated in a Florida jail. He further acted regularly in New York on behalf of Defendant LSJ and Defendant Florida Science to further the sex trafficking operation. New

Case 1:19-cv-07771-PKC-DCF   Document 46   Filed 12/12/19   Page 5 of 5

December 11, 2019
Page 5

York's long-arm statute is applicable to the continuous course of conduct to which Jeffrey Epstein engaged on behalf of both Defendant LSJ and Defendant Florida Science.

Finally, as stated above, Plaintiff seeks leave to amend her complaint in an effort to preserve judicial economy and to enable her to proceed expeditiously in the adjudication of her claims. The aforementioned arguments are not briefed in full and are only intended to provide the Court with a cursory response to the legal and factual basis for the anticipated motion as outlined by Defendants in their pre-motion letter.

Respectfully Submitted,

EDWARDS POTTINGER, LLC

Bradley J. Edwards
BJE:mwk