# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

    UNITED STATES OF AMERICA    :    SEALED
                            :    INDICTMENT

          - v. -         :    19 Cr.

    JEFFREY EPSTEIN,        :  **19 CRIM  490**

         Defendant.    :

- - - - - - - - - - - - - - - x

## COUNT ONE
### (Sex Trafficking Conspiracy)

The Grand Jury charges:

## OVERVIEW

1.    As set forth herein, over the course of many years, JEFFREY EPSTEIN, the defendant, sexually exploited and abused dozens of minor girls at his homes in Manhattan, New York, and Palm Beach, Florida, among other locations.

2.    In particular, from at least in or about 2002, up to and including at least in or about 2005, JEFFREY EPSTEIN, the defendant, enticed and recruited, and caused to be enticed and recruited, minor girls to visit his mansion in Manhattan, New York (the "New York Residence") and his estate in Palm Beach, Florida (the "Palm Beach Residence") to engage in sex acts with him, after which he would give the victims hundreds of dollars in cash.  Moreover, and in order to maintain and increase his supply of victims, EPSTEIN also paid certain of his victims to recruit additional girls to be similarly abused by EPSTEIN.  In

this way, EPSTEIN created a vast network of underage victims for him to sexually exploit in locations including New York and Palm Beach.

3.   The victims described herein were as young as 14 years old at the time they were abused by JEFFREY EPSTEIN, the defendant, and were, for various reasons, often particularly vulnerable to exploitation.  EPSTEIN intentionally sought out minors and knew that many of his victims were in fact under the age of 18, including because, in some instances, minor victims expressly told him their age.

4.   In creating and maintaining this network of minor victims in multiple states to sexually abuse and exploit, JEFFREY EPSTEIN, the defendant, worked and conspired with others, including employees and associates who facilitated his conduct by, among other things, contacting victims and scheduling their sexual encounters with EPSTEIN at the New York Residence and at the Palm Beach Residence.

### FACTUAL BACKGROUND

5.   During all time periods charged in this Indictment, JEFFREY EPSTEIN, the defendant, was a financier with multiple residences in the continental United States, including the New York Residence and the Palm Beach Residence.

6.   Beginning in at least 2002, JEFFREY EPSTEIN, the defendant, enticed and recruited, and caused to be enticed and

2

recruited, dozens of minor girls to engage in sex acts with him, after which EPSTEIN paid the victims hundreds of dollars in cash, at the New York Residence and the Palm Beach Residence.

7. In both New York and Florida, JEFFREY EPSTEIN, the defendant, perpetuated this abuse in similar ways. Victims were initially recruited to provide "massages" to EPSTEIN, which would be performed nude or partially nude, would become increasingly sexual in nature, and would typically include one or more sex acts. EPSTEIN paid his victims hundreds of dollars in cash for each encounter. Moreover, EPSTEIN actively encouraged certain of his victims to recruit additional girls to be similarly sexually abused. EPSTEIN incentivized his victims to become recruiters by paying these victim-recruiters hundreds of dollars for each girl that they brought to EPSTEIN. In so doing, EPSTEIN maintained a steady supply of new victims to exploit.

### The New York Residence

8. At all times relevant to this Indictment, JEFFREY EPSTEIN, the defendant, possessed and controlled a multi-story private residence on the Upper East Side of Manhattan, New York, i.e., the New York Residence. Between at least in or about 2002 and in or about 2005, EPSTEIN abused numerous minor victims at the New York Residence by causing these victims to be recruited to engage in paid sex acts with him.

3

9.    When a victim arrived at the New York Residence, she typically would be escorted to a room with a massage table, where she would perform a massage on JEFFREY EPSTEIN, the defendant.  The victims, who were as young as 14 years of age, were told by EPSTEIN or other individuals to partially or fully undress before beginning the "massage."  During the encounter, EPSTEIN would escalate the nature and scope of physical contact with his victim to include, among other things, sex acts such as groping and direct and indirect contact with the victim's genitals.  EPSTEIN typically would also masturbate during these sexualized encounters, ask victims to touch him while he masturbated, and touch victims' genitals with his hands or with sex toys.

10.    In connection with each sexual encounter, JEFFREY EPSTEIN, the defendant, or one of his employees or associates, paid the victim in cash.  Victims typically were paid hundreds of dollars in cash for each encounter.

11.    JEFFREY EPSTEIN, the defendant, knew that many of his New York victims were underage, including because certain victims told him their age.  Further, once these minor victims were recruited, many were abused by EPSTEIN on multiple subsequent occasions at the New York Residence.  EPSTEIN sometimes personally contacted victims to schedule appointments at the New York Residence.  In other instances, EPSTEIN directed

4

employees and associates, including a New York-based employee ("Employee-1"), to communicate with victims via phone to arrange for these victims to return to the New York Residence for additional sexual encounters with EPSTEIN.

12. Additionally, and to further facilitate his ability to abuse minor girls in New York, JEFFREY EPSTEIN, the defendant, asked and enticed certain of his victims to recruit additional girls to perform "massages" and similarly engage in sex acts with EPSTEIN. When a victim would recruit another girl for EPSTEIN, he paid both the victim-recruiter and the new victim hundreds of dollars in cash. Through these victim-recruiters, EPSTEIN gained access to and was able to abuse dozens of additional minor girls.

13. In particular, certain recruiters brought dozens of additional minor girls to the New York Residence to give massages to and engage in sex acts with JEFFREY EPSTEIN, the defendant. EPSTEIN encouraged victims to recruit additional girls by offering to pay these victim-recruiters for every additional girl they brought to EPSTEIN. When a victim-recruiter accompanied a new minor victim to the New York Residence, both the victim-recruiter and the new minor victim were paid hundreds of dollars by EPSTEIN for each encounter. In addition, certain victim-recruiters routinely scheduled these

5

encounters through Employee-1, who sometimes asked the recruiters to bring a specific minor girl for EPSTEIN.

### The Palm Beach Residence

14.    In addition to recruiting and abusing minor girls in New York, JEFFREY EPSTEIN, the defendant, created a similar network of minor girls to victimize in Palm Beach, Florida, where EPSTEIN owned, possessed and controlled another large residence, *i.e.*, the Palm Beach Residence.    EPSTEIN frequently traveled from New York to Palm Beach by private jet, before which an employee or associate would ensure that minor victims were available for encounters upon his arrival in Florida.

15.    At the Palm Beach Residence, JEFFREY EPSTEIN, the defendant, engaged in a similar course of abusive conduct. When a victim initially arrived at the Palm Beach Residence, she would be escorted to a room, sometimes by an employee of EPSTEIN's, including, at times, two assistants ("Employee-2" and "Employee-3") who, as described herein, were also responsible for scheduling sexual encounters with minor victims.    Once inside, the victim would provide a nude or semi-nude massage for EPSTEIN, who would himself typically be naked.    During these encounters, EPSTEIN would escalate the nature and scope of the physical contact to include sex acts such as groping and direct and indirect contact with the victim's genitals.    EPSTEIN would also typically masturbate during these encounters, ask victims

6

to touch him while he masturbated, and touch victims' genitals with his hands or with sex toys.

16.   In connection with each sexual encounter, JEFFREY EPSTEIN, the defendant, or one of his employees or associates, paid the victim in cash.   Victims typically were paid hundreds of dollars for each encounter.

17.   JEFFREY EPSTEIN, the defendant, knew that certain of his victims were underage, including because certain victims told him their age.   In addition, as with New York-based victims, many Florida victims, once recruited, were abused by JEFFREY EPSTEIN, the defendant, on multiple additional occasions.

18.   JEFFREY EPSTEIN, the defendant, who during the relevant time period was frequently in New York, would arrange for Employee-2 or other employees to contact victims by phone in advance of EPSTEIN's travel to Florida to ensure appointments were scheduled for when he arrived.   In particular, in certain instances, Employee-2 placed phone calls to minor victims in Florida to schedule encounters at the Palm Beach Residence.   At the time of certain of those phone calls, EPSTEIN and Employee-2 were in New York, New York.   Additionally, certain of the individuals victimized at the Palm Beach Residence were contacted by phone by Employee-3 to schedule these encounters.

7

19.    Moreover, as in New York, to ensure a steady stream of minor victims, JEFFREY EPSTEIN, the defendant, asked and enticed certain victims in Florida to recruit other girls to engage in sex acts.    EPSTEIN paid hundreds of dollars to victim-recruiters for each additional girl they brought to the Palm Beach Residence.

### STATUTORY ALLEGATIONS

20.    From at least in or about 2002, up to and including in or about 2005, in the Southern District of New York and elsewhere, JEFFREY EPSTEIN, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, sex trafficking of minors, in violation of Title 18, United States Code, Section 1591(a) and (b).

21.    It was a part and object of the conspiracy that JEFFREY EPSTEIN, the defendant, and others known and unknown, would and did, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, and obtain, by any means a person, and to benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing that the person had not attained the age of 18 years and would be caused to engage in a

8

commercial sex act, in violation of Title 18, United States Code, Sections 1591(a) and (b)(2).

### Overt Acts

22.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    In or about 2004, JEFFREY EPSTEIN, the defendant, enticed and recruited multiple minor victims, including minor victims identified herein as Minor Victim-1, Minor Victim-2, and Minor Victim-3, to engage in sex acts with EPSTEIN at his residences in Manhattan, New York, and Palm Beach, Florida, after which he provided them with hundreds of dollars in cash for each encounter.

b.    In or about 2002, Minor Victim-1 was recruited to engage in sex acts with EPSTEIN and was repeatedly sexually abused by EPSTEIN at the New York Residence over a period of years and was paid hundreds of dollars for each encounter.    EPSTEIN also encouraged and enticed Minor Victim-1 to recruit other girls to engage in paid sex acts, which she did.    EPSTEIN asked Minor Victim-1 how old she was, and Minor Victim-1 answered truthfully.

c.    In or about 2004, Employee-1, located in the Southern District of New York, and on behalf of EPSTEIN, placed

9

a telephone call to Minor Victim-1 in order to schedule an appointment for Minor Victim-1 to engage in paid sex acts with EPSTEIN.

      d.   In or about 2004, Minor Victim-2 was recruited to engage in sex acts with EPSTEIN and was repeatedly sexually abused by EPSTEIN at the Palm Beach Residence over a period of years and was paid hundreds of dollars after each encounter.  EPSTEIN also encouraged and enticed Minor Victim-2 to recruit other girls to engage in paid sex acts, which she did.

      e.   In or about 2005, Employee-2, located in the Southern District of New York, and on behalf of EPSTEIN, placed a telephone call to Minor Victim-2 in order to schedule an appointment for Minor Victim-2 to engage in paid sex acts with EPSTEIN.

      f.   In or about 2005, Minor Victim-3 was recruited to engage in sex acts with EPSTEIN and was repeatedly sexually abused by EPSTEIN at the Palm Beach Residence over a period of years and was paid hundreds of dollars for each encounter.  EPSTEIN also encouraged and enticed Minor Victim-3 to recruit other girls to engage in paid sex acts, which she did.  EPSTEIN asked Minor Victim-3 how old she was, and Minor Victim-3 answered truthfully.

g.    In or about 2005, Employee-2, located in the Southern District of New York, and on behalf of EPSTEIN, placed a telephone call to Minor Victim-3 in Florida in order to schedule an appointment for Minor Victim-3 to engage in paid sex acts with EPSTEIN.

h.    In or about 2004, Employee-3 placed a telephone call to Minor Victim-3 in order to schedule an appointment for Minor Victim-3 to engage in paid sex acts with EPSTEIN.

(Title 18, United States Code, Section 371.)

### COUNT TWO
### (Sex Trafficking)

The Grand Jury further charges:

23.    The allegations contained in paragraphs 1 through 19 and 22 of this Indictment are repeated and realleged as if fully set forth within.

24.    From at least in or about 2002, up to and including in or about 2005, in the Southern District of New York, JEFFREY EPSTEIN, the defendant, willfully and knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, and obtain by any means a person, knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, and did aid and abet the same, to wit, EPSTEIN recruited, enticed, harbored, transported, provided, and obtained numerous

11

individuals who were less than 18 years old, including but not limited to Minor Victim-1, as described above, and who were then caused to engage in at least one commercial sex act in Manhattan, New York.

(Title 18, United States Code, Sections 1591(a), (b)(2), and 2.)

## FORFEITURE ALLEGATIONS

25.   As a result of committing the offense alleged in Count Two of this Indictment, JEFFREY EPSTEIN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(c)(1), any property, real and personal, that was used or intended to be used to commit or to facilitate the commission of the offense alleged in Count Two, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense alleged in Count Two, or any property traceable to such property, and the following specific property:

a.   The lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 9 East 71st Street, New York, New York, with block number 1386 and lot number 10, owned by Maple, Inc.

12

## Substitute Asset Provision

26. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1594; Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461.)


_____
FOREPERSON


_____
GEOFFREY S. BERMAN
United States Attorney


13

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JEFFREY EPSTEIN,

Defendant.

INDICTMENT

(18 U.S.C. §§ 371, 1591(a), (b)(2),
and 2)

GEOFFREY S. BERMAN
United States Attorney

Foreperson

14