# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

KATLYN DOE,

*Plaintiff*,

v.

Case No. 1:19-cv-07771-PKC-DCF

DARREN K. INDYKE AND RICHARD D. KAHN
AS JOINT PERSONAL REPRESENTATIVES OF
THE ESTATE OF JEFFREY E. EPSTEIN,
FINANCIAL TRUST COMPANY, INC., NES, LLC,
FLORIDA SCIENCE FOUNDATION, INC., LSJ,
LLC, HBRK ASSOCIATES, INC., JEGE, INC.,

*Defendants*.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants*

41322162v1

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ....................................................................... 1

II.  ALLEGED FACTS: PLAINTIFF ALLEGES SHE ENGAGED IN COMMERCIAL SEX ACTS, MOSTLY WHEN SHE WAS AN ADULT .................... 2

III.  ARGUMENT ................................................................................................ 3

    A.  Legal Standard: Legal Conclusions, Labels And Formulaic Recitations Of The Elements Of Causes Of Action Are Insufficient To State A Claim .............. 3

    B.  Plaintiff's First Battery Claim (Count I) Is Time-Barred and Duplicative ........... 4

    C.  Plaintiff's Second Battery Claim (Count II) Is Partially Time-Barred ................. 5

    D.  Plaintiff's Negligence Claims Against FTC, NES, And JEGE (Counts III-V) Fail To State A Claim Because They Merely Recite The Damages Element Of Negligence .......................................................................... 6

    E.  Plaintiff's Negligence Claims Against The Corporate Defendants Fail For The Additional Reason That They Rely On Impermissible Group Pleading ........ 7

    F.  Plaintiff's Negligence Claim Against FTC (Count III) Is Conclusory, Contradictory And Missing At Least One Required Element ............................... 8

    G.  Plaintiff's Negligence Claim Against NES (Count IV) Is Conclusory And Based Largely On Allegations Made Upon Information And Belief ................... 9

    H.  Plaintiff's Negligence Claim Against JEGE (Count V) Is Conclusory And Unsupported ............................................................................................ 10

    I.  Each of Plaintiff's TVPA Claims (Counts VI-XI) Are Partially Time-Barred ................................................................................................... 11

    J.  Plaintiff's TVPA Claims Against The Corporate Defendants (Counts VII-XI) Are Conclusory And Unsupported .............................................................. 11

    K.  Plaintiff's Claim Against Florida Science (Count VII) Must Be Dismissed For Lack Of Jurisdiction ...................................................................... 14

    L.  Plaintiff's Claims For Punitive Damages Must Be Dismissed Because They Are Precluded By New York, U.S. Virgin Islands, And Florida Law ....... 15

        1.  New York Law Precludes Punitive Damages Against An Estate ............ 16

        2.  USVI Law Precludes Punitive Damages Against An Estate ................. 17

# TABLE OF CONTENTS
(continued)

**Page**

         i.     *Banks* factor one: previously, USVI courts favorably cited the Restatement section that precludes punitive damages against estates.............................................................................. 17

        ii.    *Banks* factor two: a majority of U.S. jurisdictions do not permit an award of punitive damages based on the wrongful acts of a decedent. ........................................................ 18

      iii.   *Banks* factor three: Post-*Banks*, USVI courts have favorably applied Restatement Section 908 to questions regarding punitive damages. ....................................................... 18

    3.     Florida Law Precludes Punitive Damages Against An Estate ................. 19

IV.    CONCLUSION ............................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................ *passim*

*Atuahene v. City of Hartford,*
    10 Fed. App'x 33 (2d Cir. 2001) ............................................................... 7

*Banks v. Int'l Rental & Leasing Corp.,*
    55 V.I. 967 (V.I. 2011) ................................................................... 17, 18, 19

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ...................................................................... 3, 7, 10, 11

*Bensusan Rest. Corp. v. King,*
    126 F.3d 25 (2d Cir. 1997) ...................................................................... 14

*Blissett v. Eisensmidt,*
    940 F. Supp. 449 (N.D.N.Y. 1996) ........................................................ 17

*Booth v. Bowen,*
    No. CIV. 2006-217, 2008 WL 220067 (D.V.I. Jan. 10, 2008) ............... 18

*Brandy v. Flamboyant Inv. Co., Ltd.,*
    24 V.I. 249 (V.I. Terr. Ct. 1989) ............................................................ 19

*Carson Optical Inc. v. eBay Inc.,*
    202 F. Supp. 3d 247 (E.D.N.Y. 2016) ...................................................... 4

*Crabtree v. Estate of Crabtree,*
    837 N.E.2d 135 (Ind. 2005) .................................................................... 18

*Davis v. Christian,*
    46 V.I. 557 (D.V.I. App. Div. 2005) ....................................................... 19

*Deutsch v. Novartis Pharms. Corp.,*
    723 F. Supp. 2d 521 (E.D.N.Y. 2010) .................................................... 16

*Disability Rights New York v. New York State,*
    No. 17-cv-6965-RRM-SJB, 2019 WL 2497907 (E.D.N.Y. June 14, 2019) ............ 14

*Ehrenfeld v. Bin Mahfouz,*
    9 N.Y.3d 501, 881 N.E.2d 830, 851 N.Y.S.2d 381 (2007) .................... 15

*Ehrens v. Lutheran Church,*
   385 F.3d 232 (2d Cir. 2004)................................................................................8

*Fischbarg v. Doucet,*
   9 N.Y.3d 375, 849 N.Y.S.2d 501, 880 N.E.2d 22 (2007).......................................15

*Francisco v. Susano,*
   525 Fed. App'x 834 (10th Cir. 2013) ...................................................................20

*Geiss v. Weinstein Co. Holdings LLC,*
   383 F. Supp. 3d 156 (S.D.N.Y. 2019)...................................................................13

*Gilford v. NYS Office of Mental Health,*
   No. 17-cv-8033 (JPO), 2019 U.S. Dist. LEXIS 38450 (S.D.N.Y. Mar. 11,
   2019) .............................................................................................................10

*Gov't of Virgin Islands v. Connor,*
   No. S. CT. CIV. 2013-0095, 2014 WL 702639 (V.I. Feb. 24, 2014) ......................17

*Graham v. Henderson,*
   224 F.R.D. 59 (N.D.N.Y. 2004)..........................................................................17

*Green v. City of Mount Vernon,*
   96 F. Supp. 3d 263 (S.D.N.Y. 2015).....................................................................8

*Guidi v. Inter-Continental Hotels Corp.,*
   No. 95-CV-9006, 2003 U.S. Dist. LEXIS 6390 (S.D.N.Y. Apr. 16, 2003)..............16

*Hamilton v. Dowson Holding Co.,*
   51 V.I. 619 (D.V.I. 2009)...................................................................................18

*Henson v. Wright Med. Tech., Inc.,*
   No. 12-cv-805 (FJS), 2013 WL 1296388 (N.D.N.Y. Mar. 28, 2013) .......................6

*Isaac v. Crichlow,*
   63 V.I. 38, 2015 V.I. LEXIS 15 (V.I. Super. Ct. 2015).........................................19

*Lawson v. Rubin,*
   No. 17-cv-6404, 2018 U.S. Dist. LEXIS 71582 (E.D.N.Y. Apr. 29, 2018) ........12, 13

*Licci v. Lebanese Canadian Bank, SAL,*
   673 F.3d 50 (2d Cir. 2012)................................................................................15

*Lohr v. Byrd,*
   522 So. 2d 845 (Fla. 1988)................................................................................19

*Lopez v. Bonanza.com, Inc.,*
   No. 17 CIV. 8493 (LAP), 2019 WL 5199431 (S.D.N.Y. Sept. 30, 2019)...............7, 8

iv

*Man Zhang v. City of N.Y.*,
　　No. 17-cv-5415, 2019 U.S. Dist. LEXIS 163485 (S.D.N.Y. Sep. 19, 2019)...........................8

*Mar-Cone Appliance Parts Co. v. Mangan*,
　　879 F. Supp. 2d 344 (W.D.N.Y. 2012) ...................................................................................6

*Medrano v. MCDR, Inc.*,
　　366 F. Supp. 2d 625 (W.D. Tenn. 2005)................................................................................20

*In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*,
　　No. 1:00-1898, 2015 WL 4092326 (S.D.N.Y. July 2, 2015)...................................................7

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
　　84 F.3d 560 (2d Cir. 1996)....................................................................................................14

*Noble v. Weinstein*,
　　335 F. Supp. 3d 504 (S.D.N.Y. 2018)...................................................................................13

*Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories, Ltd.*,
　　No. 07 Civ. 6959 (DAB), 2009 U.S. Dist. LEXIS 117368 (S.D.N.Y. Dec. 13,
　　2009) .......................................................................................................................................9

*Ochre LLC v. Rockwell Architecture Planning & Design*,
　　No. 12-CIV-2837, 2012 U.S. Dist. LEXIS 172208 (S.D.N.Y. Nov. 28, 2012).................7, 13

*Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*,
　　No. 13-cv-5475 (JS) (AKT), 2017 U.S. Dist. LEXIS 123752 (E.D.N.Y. Aug.
　　3, 2017) .................................................................................................................................20

*Pappas v. Hotel on the Cay Time-Sharing Ass'n*,
　　69 V.I. 3 (U.S.V.I. Super. Ct. 2015) .....................................................................................19

*Pasternack v. Lab. Corp. of Am. Holdings*,
　　807 F.3d 14 (2d Cir. 2015)......................................................................................................6

*Poindexter v. Zacharzewski*,
　　No. 18-cv 14155, 2018 U.S. Dist. LEXIS 189861 (Nov. 5, 2018 S.D. Fla.)........................19

*Powell v. Chi-Co's Distrib.*,
　　No. ST-13-TOR-14, 2014 V.I. LEXIS 21 (U.S.V.I. Super. Ct. Apr. 3, 2014) ......................19

*Price v. L'Oreal USA, Inc.*,
　　No. 17cv-0614, 2017 U.S. Dist. LEXIS 165931 (S.D.N.Y. Oct. 5, 2017) ..............................5

*Rincon v. Covidien*,
　　No. 16-CV-10033 (JMF), 2017 WL 2242969 (S.D.N.Y. May 22, 2017) ................................6

*Simmons v. Abruzzo*,
    49 F.3d 83 (2d Cir. 1995)..........................................................................................7

*Simons v. Marriott Corp.*,
    92 Civ. 3762 (SWK), 1993 U.S. Dist. LEXIS 14365 (S.D.N.Y. Oct. 12, 1993).....................16

*Sofia v. Esposito*,
    No. 17-cv-1829 (KPF), 2018 U.S. Dist. LEXIS 60947 (S.D.N.Y. Apr. 10,
    2018) ........................................................................................................6, 10

*St. Thomas House, Inc. v. Barrows*,
    15 V.I. 435 (V.I. Terr. Ct. 1979) ..........................................................................19

*Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*,
    No. 14-cv-0463-JMF, 2015 U.S. Dist. LEXIS 60272 (S.D.N.Y. May 7, 2015).....................16

*Thomas v. Rijos*,
    780 F. Supp. 2d 376 (D.V.I. 2011) ........................................................................19

*U.S. v. Afyare*,
    632 F. App'x 272 (6th Cir. 2016) ..........................................................................13

*Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*,
    No. 14-cv-804, 2014 U.S. Dist. LEXIS 108145 (S.D.N.Y. Aug. 4, 2014).........................14

*Whitley v. Bowden*,
    No. 17-cv-3564 (KMK), 2018 WL 2170313 (S.D.N.Y. May 9, 2018) .................................3

*Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd.*,
    No. 03-cv-7778 (DLC), 2004 WL 1328215 (S.D.N.Y. June 15, 2004) ...............................14

**Statutes**

18 U.S.C. § 1589.......................................................................................................1

18 U.S.C. § 1591..................................................................................................11, 12

18 U.S.C. § 1592.....................................................................................................12

18 U.S.C. § 1593A....................................................................................................12

18 U.S.C. § 1594..................................................................................................11, 12

18 U.S.C. § 1595..................................................................................................11, 12

**Other Authorities**

Alec A. Beech, *Adding Insult to Death: Why Punitive Damages Should Not Be Imposed Against a Deceased Tortfeasor's Estate in Ohio*, 49 Akron L. Rev. 553 (2016) ................................................................................................................18

CPLR § 208 .................................................................................................................4

CPLR § 214-g ..............................................................................................................5

CPLR § 215(3) .............................................................................................................4

CPLR § 302(a) ...........................................................................................................15

Fed. R. Civ. Proc. 12(b)(1) ........................................................................................1

Fed. R. Civ. Proc. 12(b)(6) ...............................................................................1, 13

2 Linda L. Schlueter, *Punitive Damages* § 20.4 (7th ed. 2015) ...............................18

Timothy R. Robicheaux and Brian H. Bornstein, *Punished, Dead Or Alive: Empirical Perspectives on Awarding Punitive Damages Against Deceased Defendants* ...........................................................................................................18

41322162v1

Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (the "Co-Executors"), Financial Trust Company, Inc. ("FTC"), NES, LLC ("NES"), Florida Science Foundation, Inc. ("Florida Science"), HBRK Associates, Inc. ("HBRK"), JEGE, Inc. ("JEGE"; and together with FTC, NES, Florida Science, and HBRK, the "Corporate Defendants"; and the Corporate Defendants together with the Co-Executors, the "Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss with prejudice Counts I, III-V, and VII-XI of Plaintiff Katlyn Doe's ("Plaintiff") First Amended Complaint (the "Amended Complaint") (ECF Doc. 52) in their entirety and Counts II & VI in part, to the extent they are time-barred, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

## I.    PRELIMINARY STATEMENT

Plaintiff essentially alleges she engaged in "commercial sex acts" with Decedent Jeffrey Epstein ("Decedent") starting in 2007, when Plaintiff was 17 years old, until sometime in 2014. (Am. Compl. ¶¶ 97, 147.)  Plaintiff asserts eleven causes of action in her Amended Complaint: two duplicative claims of battery against the Co-Executors (Counts I and II); claims of negligence against FTC, NES, and JEGE (Counts III-V); and civil claims based on violations of The Trafficking Victims Protection Act, 18 U.S.C. §§ 1589, *et seq.* (the "TVPA") against all Defendants (Counts VI-XI).

The Co-Executors, while preserving all rights and legal positions, do not hereby seek to dismiss the battery or TVPA claims against them in their entirety.  However, Plaintiff's first battery claim must be dismissed for two reasons.  First, this claim is outside the scope of the New York Child Victims Act ("CVA") and thus completely time-barred.  Second, this cause of action is duplicative of and subsumed by Plaintiff's second battery claim.  The second battery cause of action is itself time-barred to the extent it is based on occurrences after Plaintiff turned 18 and must be dismissed in part accordingly.

The Court should also dismiss Plaintiff's negligence claims against FTC, NES, and JEGE. These causes of action are based on impermissible group pleading and mere recitals of the elements of negligence and otherwise fail to articulate any factual allegations of any conduct by any of those Defendants.

Plaintiff asserts similarly threadbare and conclusory allegations in support of her TVPA claims, which, in addition to failing to state a claim, are also partially time-barred. The TVPA claims against the Corporate Defendants also rely on group pleading and recitations of the elements of a TVPA violation without any supporting factual allegations of wrongdoing. Therefore, the TVPA claims must be dismissed in their entirety.

Plaintiff's demands for punitive damages must also be dismissed as a matter of law. New York Estates, Powers And Trusts Law expressly bars recovery of punitive damages in any personal injury action brought to recover damages from a decedent tortfeasor's estate. Florida law and U.S. Virgin Islands law are in accord with New York law in this regard.

## II.   ALLEGED FACTS: PLAINTIFF ALLEGES SHE ENGAGED IN COMMERCIAL SEX ACTS, MOSTLY WHEN SHE WAS AN ADULT

Plaintiff alleges that in 2007, while she was 17 years old, she visited Decedent's residence[1] and provided Decedent with a massage, during which she claims he touched her "in a sexual manner." (Am. Compl. ¶¶ 75, 88.) Plaintiff further alleges that she repeatedly engaged in "commercial sex acts" with Decedent between her 18th birthday in 2007 and June 2008, and again between July 2009 and some point in 2014. (*Id.* ¶¶ 93-97, 104, 147.) Plaintiff also alleges that, in 2013, she entered into a fraudulent marriage at Decedent's request in return for compensation. (*Id.* ¶¶ 139, 141.) Plaintiff alleges she did not receive the totality of the compensation allegedly

---

[1] Conspicuously absent from Plaintiff's Amended Complaint is the fact, as alleged in her original Complaint, that she was introduced to Decedent by "[a] female relative of Plaintiff [who] was working for Jeffrey Epstein at the time" who "brought Plaintiff to Jeffrey Epstein's office." (ECF Doc. 1 ¶¶ 53, 54.)

promised to her to participate in the "commercial sex acts" or marriage fraud. (*Id.* ¶¶ 153-155.)

In contrast with the allegations of Decedent's behavior, Plaintiff's allegations regarding the Corporate Defendants are entirely vague and conclusory. With few exceptions, such as the innocuous allegation that Decedent "informed Plaintiff to get a camera from Defendant HBRK employee" (*id.* ¶ 105), Plaintiff does not articulate any non-conclusory facts relating to the individual Corporate Defendants, much less any conduct with a nexus to Plaintiff.

Instead, Plaintiff relies upon group pleading, collectively referring to "employees of HBRK, NES, or JEGE" and generally claiming that "Corporate Defendants enabled" Decedent's alleged conduct. (*Id.* ¶¶ 35, 90.) Where Plaintiff does include individualized allegations, they are merely legal conclusions reciting the basic elements of the legal claim at issue. (*See, e.g.*, *id.* ¶¶ 220-226; 228-235; 237-243.) As further explained below, such mere recitations of legal elements unaccompanied by articulated facts are insufficient to state a plausible claim for relief.

## III.   ARGUMENT

### A.   Legal Standard: Legal Conclusions, Labels And Formulaic Recitations Of The Elements Of Causes Of Action Are Insufficient To State A Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a Court must normally accept as true all well-pleaded factual allegations in a complaint and draw all inferences in a plaintiff's favor, those principles are "inapplicable to legal conclusions." *Id.* at 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 556 (2007)). Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). Moreover, "'[w]here [the] plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to

dismiss.'" *Whitley v. Bowden*, No. 17-cv-3564 (KMK), 2018 WL 2170313, at *11 (S.D.N.Y. May 9, 2018) (*quoting Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016)).

While Plaintiff does articulate some facts about Decedent in support of the causes of action against the Co-Executors, Plaintiff fails to similarly support her claims against the Corporate Defendants.  Plaintiff's allegations do not articulate what any person acting on behalf of the Corporate Defendants did or failed to do that gives rise to liability against any of them.  Nor does Plaintiff allege facts showing how any Corporate Defendants caused any of Plaintiff's alleged damages.  Rather, Plaintiff appears to rest on her description of Decedent's alleged conduct and then extrapolate to the many Corporate Defendants based not on their conduct but rather on their alleged association with Decedent.  This is insufficient to state a claim against the Corporate Defendants.  These deficiencies in pleading necessitate the dismissal of the claims against the Corporate Defendants in their entirety, while the claims against the Co-Executors must be dismissed in part as time-barred.  Each cause of action subject to dismissal is hereby further addressed in turn.

### B.      Plaintiff's First Battery Claim (Count I) Is Time-Barred and Duplicative

Plaintiff asserts two battery claims.  Count I asserts battery based on alleged activity between 2007 and 2014 without referencing NY Penal Law § 130.  (Am. Compl. ¶ 119.)  Count II asserts battery/violation of NY Penal Law § 130.  (*Id.* ¶ 124.)  Count I either expired years ago or is entirely duplicative of Count II and thus must be dismissed.

Under New York law, actions for battery generally must be commenced within one year.  CPLR § 215(3).  However, minors may commence actions for battery up to one year after turning eighteen.  CPLR § 208.

Plaintiff alleges she turned eighteen in 2007.  (Am. Compl. ¶ 52.)  Therefore, Plaintiff's battery claims based on conduct that allegedly occurred in 2007 while Plaintiff was a minor expired

4

sometime in 2008.  Any battery claim based on conduct that allegedly occurred between 2007 and 2014, while Plaintiff was an adult, expired a year after the alleged conduct occurred—*i.e.*, by some time in 2015 at the latest.

The CVA does not alter this analysis.  The CVA created a one-year window in which civil claims alleging damages "suffered as a result of conduct which would constitute a sexual offense *as defined in article one hundred thirty of the penal law* committed against a child less than eighteen years of age" may be filed despite the statute of limitations having already run.  CPLR § 214-g (emphasis added).  As Count I in Plaintiff's Complaint does not allege any NY Penal Law § 130 offenses, the CVA does not revive it.

Even if the Court were to read an unasserted NY Penal Law § 130 offense into Count I, the claim would still fail.  Such a reading would make Count I entirely duplicative of Count II and necessitate dismissal as a result.  *See Price v. L'Oreal USA, Inc.*, No. 17cv-0614, 2017 U.S. Dist. LEXIS 165931, at *12 (S.D.N.Y. Oct. 5, 2017) ("Defendants' motion to dismiss the unjust enrichment claim under New York law [] is granted because it is duplicative of the other claims.").

Therefore, Count I must be dismissed in its entirety.

**C.    Plaintiff's Second Battery Claim (Count II) Is Partially Time-Barred**

In her second battery claim, Plaintiff does allege violations of NY Penal Law § 130, incorporating her allegations of Decedent's conduct between 2007 and 2014.  However, while the CVA revives civil claims alleging damages "suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law" for which "the applicable period of limitation has expired," this only applies to conduct "committed against a child less than eighteen years of age."  CPLR § 214-g.  Accordingly, Plaintiff's second battery claim is only revived by the CVA to the extent that it asserts conduct violating NY Penal Law § 130 while Plaintiff was a minor in 2007.

5

Therefore, Count II must be dismissed to the extent it is based on occurrences after Plaintiff turned 18 in 2007.

**D.     Plaintiff's Negligence Claims Against FTC, NES, And JEGE (Counts III-V) Fail To State A Claim Because They Merely Recite The Damages Element Of Negligence**

Plaintiff asserts conclusory negligence claims against three of the Corporate Defendants: FTC, NES, and JEGE.  "Under New York law, a plaintiff must establish the following elements to state a claim for negligence: '(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach.'"  *Sofia v. Esposito*, No. 17-cv-1829 (KPF), 2018 U.S. Dist. LEXIS 60947, at *10 (S.D.N.Y. Apr. 10, 2018) (quoting *Pasternack v. Lab. Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015)).  While the exact type of negligence alleged varies slightly between FTC, NES, and JEGE, in each instance Plaintiff fails to do more than recite the damages element.

Plaintiff alleges that FTC, NES, or JEGE's "negligence was a proximate cause of the sexual offenses committed against Plaintiff."  (Am. Compl. ¶¶ 185, 199, 208.)  However, Plaintiff fails to articulate how any of the Corporate Defendants' alleged breaches of alleged duties contributed to Decedent's alleged conduct.  Where, as here, "[n]othing in the Amended Complaint even endeavors to explain why [Defendant's involvement] is a more likely, let alone proximate, cause of [Plaintiff]'s alleged harms," the "claims plainly fail as a matter of law."  *Rincon v. Covidien*, No. 16-CV-10033 (JMF), 2017 WL 2242969, at *1 (S.D.N.Y. May 22, 2017) ("Ignoring conclusory assertions and the recitation of legal standards, however, [Plaintiff] fails to allege any facts that plausibly establish such causation" and "therefore, [Plaintiff] offers only the sort of '[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements,' that the Supreme Court has made clear is insufficient to survive a motion to dismiss." (quoting *Iqbal*, 556 U.S. at 678)); *see also Mar-Cone Appliance Parts Co. v. Mangan*, 879 F. Supp.

6

2d 344, 379–80 (W.D.N.Y. 2012); *Henson v. Wright Med. Tech., Inc.*, No. 12-cv-805 (FJS), 2013 WL 1296388, at *2 (N.D.N.Y. Mar. 28, 2013).

  **E.**  **Plaintiff's Negligence Claims Against The Corporate Defendants Fail For The Additional Reason That They Rely On Impermissible Group Pleading**

  Plaintiff compounds the pleading deficiencies described above by relying heavily on impermissible group pleading against the Corporate Defendants. (*See, e.g.*, Am. Compl. ¶¶ 36, 68-70, 73, 83-84, 90, 92.) "It is well established that general allegations against all defendants cannot support liability against individual defendants who are not alleged to have actually engaged in the identified activity." *Lopez v. Bonanza.com, Inc.*, No. 17 CIV. 8493 (LAP), 2019 WL 5199431, at *10 n.20 (S.D.N.Y. Sept. 30, 2019) (citing *Twombly*, 550 U.S. at 557) ("Plaintiff's generalized conclusory allegations relating to all 'Defendants' also fail to establish claims [] against the [] 12(b)(6) Moving Defendants."). Consequently,

> [w]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants.… A plaintiff cannot merely lump all the defendants together in each claim and provide no factual basis to distinguish their conduct.

*Ochre LLC v. Rockwell Architecture Planning & Design*, No. 12-CIV-2837, 2012 U.S. Dist. LEXIS 172208, at *16-17 (S.D.N.Y. Nov. 28, 2012) (citing *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see also In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. 1:00-1898, 2015 WL 4092326, at *5 (S.D.N.Y. July 2, 2015) ("The remaining allegations accusing defendants—as a group—of engaging in deceptive conduct or otherwise violating the UTPCPL are simply too vague as to each defendant under *Twombly* and its progeny to state a claim.").

  The few allegations that even remotely distinguish the Corporate Defendants from each other are vague, generic or allege neutral background facts such as whether a particular Corporate Defendant owned certain property. (*See, e.g.*, Am. Compl. ¶ 255.) Even in the sections of the

7

Amended Complaint purporting to address the individual Corporate Defendants, Plaintiff has simply copied and pasted the same conclusory allegations, changing the name of the individual corporation each time.[2]  (*Compare id.* ¶¶ 39-46 *with* ¶¶ 47-54 *and* ¶¶ 55-62.)  To the extent Plaintiff has broadly alleged conduct by employees of multiple Corporate Defendants without differentiating between them, these allegations are insufficient to state a plausible claim for relief against them.  *See Lopez*, 2019 WL 5199431, at *10 n.20.

Each of the negligence claims must be dismissed for the foregoing reasons.

### F.      Plaintiff's Negligence Claim Against FTC (Count III) Is Conclusory, Contradictory And Missing At Least One Required Element

Plaintiff's negligence claim against FTC appears to be predicated purely upon its alleged employment of Decedent, and thus one for negligent supervision of an employee.  (*See* Am. Compl. ¶ 173) ("Defendant retained Jeffrey Epstein and failed to properly supervise him")).  However, in addition to the elements of negligence, a plaintiff asserting negligent supervision must plausibly allege: (1) the tortfeasor and the defendant were in an employee-employer relationship; (2) the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) the tort was committed on the employer's premises or with the employer's chattels.  *Man Zhang v. City of N.Y.*, No. 17-cv-5415, 2019 U.S. Dist. LEXIS 163485, at *14 (S.D.N.Y. Sep. 19, 2019) (citing *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 297 (S.D.N.Y. 2015); *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004)).

Aside from sparse allegations that effectively recite these elements of a negligent supervision cause of action, Plaintiff does not allege any supporting facts regarding FTC, its

---

[2] The lack of attention with which this was done is evidenced by the repeated typos claiming the performance of alleged NES employee duties by JEGE employees.  (Am. Compl. ¶¶ 57, 59, 61.)

employment of Decedent or the knowledge of FTC employees, if any.  Instead, in listing her causes

of action, Plaintiff conclusively states that FTC employed Decedent, that Decedent's "activity in

violation of New York Penal Law Section 130 … was known or should have been known" to FTC,

that FTC had some sort of unspecified duty to avoid employing Decedent in his unidentified

position, and that FTC's "negligence was a proximate cause" of the battery described in Count II.

(Am. Compl. ¶¶ 166-167, 172, 184.)  These are the kind of "threadbare recitals of the elements of

a cause of action" which are insufficient to support a claim.  *See Iqbal*, 556 U.S. at 678.

Furthermore, while Plaintiff claims that Decedent occasionally received massages during

business hours or while on the telephone, Plaintiff does not allege that any tort was committed on

FTC's premises or with its chattels.  (Am. Compl. ¶¶ 176-177.)  Her claim fails on this ground

alone.  *Cf. Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories, Ltd.*, No. 07 Civ.

6959 (DAB), 2009 U.S. Dist. LEXIS 117368, at *2 (S.D.N.Y. Dec. 13, 2009) ("Because the Court

finds that Plaintiffs have failed to allege the necessary elements of their claims, the Licensor

Defendants' Motion to Dismiss is granted.").

Therefore, Count III must be dismissed in its entirety.

### G.    Plaintiff's Negligence Claim Against NES (Count IV) Is Conclusory And Based Largely On Allegations Made Upon Information And Belief

As with the claim against FTC, Plaintiff fails to do more than partially recite the bare

elements of negligence against NES.  While Plaintiff conclusively alleges that "each employee [of

NES] voluntarily assumed a duty with respect to each young female recruited to massage"

Decedent, Plaintiff does not allege any supporting *facts*.  (Am. Compl. ¶ 192.)  Similarly, while

Plaintiff claims that this unexplaiend duty was breached and that NES's "negligence was a

proximate cause" of the battery described in Count II, she does not allege any facts supporting this

legal conclusion.  Such conclusory allegations, lacking support, are not enough to state a plausible

41322162v1

claim.  *Iqbal*, 556 U.S. at 663.

Plaintiff's claim against NES fails for the additional reason that it is based largely on allegations made "upon information and belief," including regarding the duties and responsibilities of NES employees, their communications with Decedent and their interactions with Decedent's masseuses.  (Am. Compl. ¶¶ 188-191.)  Unless they are adequately accompanied by allegations made with personal knowledge, allegations made "on information and belief" are insufficient to state a claim.  *See Gilford v. NYS Office of Mental Health*, No. 17-cv-8033 (JPO), 2019 U.S. Dist. LEXIS 38450, at *14 (S.D.N.Y. Mar. 11, 2019) ("No matter what the pleading standard is, her complaint must at least contain enough factual allegations that are not made upon information and belief to 'raise a right to relief above the speculative level.'" (citing *Twombly*, 550 U.S. at 555)).

Therefore, Count IV must be dismissed in its entirety.

### H.   Plaintiff's Negligence Claim Against JEGE (Count V) Is Conclusory And Unsupported

Plaintiff's negligence claim against JEGE is similarly flawed.  In fact, with the exception of the group pleading discussed above, Plaintiff does not make any factual allegations regarding actions taken by JEGE or its employees in her Amended Complaint, save that she "flew on the Boeing 747 jet owned by Defendant, JEGE, Inc., and controlled by Jeffrey Epstein and related companies."  (Am. Compl. ¶ 131.)

Nor does Plaintiff assert any non-conclusory allegations establishing that: (i) JEGE owed Plaintiff a duty; (ii) breach of that duty; or (iii) injury substantially caused by that breach.  *See Esposito*, 2018 U.S. Dist. LEXIS 60947, at *10 (finding conclusory assertion insufficient to support negligence claim).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Twombly*, 550 U.S. at 545 (internal quotation marks omitted).  Plaintiff has

not met this obligation.

Therefore, Count V must be dismissed in its entirety.

## I.      Each of Plaintiff's TVPA Claims (Counts VI-XI) Are Partially Time-Barred

Plaintiff's TVPA claims against all Defendants are partially time-barred.  No action may be maintained under subsection 18 U.S.C. § 1591(a) "unless it is commenced not later than the later of (i) 10 years after the cause of action arose or (ii) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense."  18 U.S.C. § 1595(c).  As explained above, Plaintiff alleges that she turned 18 during 2007 and that Decedent's alleged misconduct ended in 2014.  (Am. Compl. ¶¶ 93, 145.)  Plaintiff filed this action on August 20, 2019.  (ECF Doc. 1.)   Accordingly, Plaintiff's TVPA claims based on any alleged conduct occurring before August 20, 2009 are time barred.

Accordingly, Counts VI-XI must be dismissed, in part, to the extent they are based on alleged conduct that occurred before August 20, 2009.

## J.      Plaintiff's TVPA Claims Against The Corporate Defendants (Counts VII-XI) Are Conclusory And Unsupported

Counts VII through XI assert each Corporate Defendant violated the TVPA, thereby giving rise to civil causes of action under 18 U.S.C. § 1595.  In a series of largely identical allegations, copied and pasted in succession, Plaintiff alleges each Corporate Defendant:

- violated 18 U.S.C. § 1591 (making punishable sex trafficking of children or by force, fraud, or coercion) on the conclusory basis each Corporate Defendant "by and through its management and personnel, knew that means of fraud or coercion, and/or combinations of such means, would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts";

- attempted to violate 18 U.S.C. § 1591 and in so doing violated 18 U.S.C. § 1594(a) (making punishable attempted violations of, among other TVPA sections, 18 U.S.C. § 1591);

- violated 18 U.S.C. § 1594(c) (making punishable conspiracy with another to violate 18 U.S.C. § 1591) on the conclusory basis that each Corporate Defendant "by and

11

through its management and personnel, conspired with other members of the enterprise, and with other persons and companies, known and unknown, to violate 18 U.S.C. § 1591"; and

- violated 18 U.S.C. § 1593A (making punishable benefitting financially from peonage, slavery, and trafficking in persons) on the conclusory basis each Corporate Defendant "by and through its management and personnel knowingly benefitted, financially and by receiving things of value, from participating in a venture … which had engaged in acts in violation of 18 U.S.C. § 1592 and 1595(a), knowing that the venture had engaged in such violations."

(Am. Compl. ¶¶ 219-262.)   More is required than this type of conclusive "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Plaintiff fails to articulate any facts supporting the conclusory allegations recited above. Plaintiff does not even identify who acted on the Corporate Defendants' behalf during the times relevant to Plaintiff's allegations, let alone what any such person knew that could give rise to TVPA liability against the Corporate Defendants.   The only allegations—which are still not sufficient to state a claim—that even attempt to explain what any individual Corporate Defendant's role was in the alleged trafficking are that "[i]n conjunction with Defendants HBRK and JEGE," transportation was arranged for Plaintiff to fly from New York to Florida to "where it was known fraud or coercion would be used to cause the Plaintiff to commit a commercial sex act."  (Am. Compl. ¶ 110.)  However, Plaintiff fails to articulate who at HBRK and JEGE, if anyone, had that knowledge, let alone any facts supporting this assertion.

Furthermore, 18 U.S.C. § 1591 contains two intent requirements: (1) knowingly recruiting a person (or knowingly benefitting from such a venture) and (2) knowing that means of force, threats of force, fraud or coercion will be used by a person or the venture to cause a person to engage in a commercial sex act. *Lawson v. Rubin*, No. 17-cv-6404, 2018 U.S. Dist. LEXIS 71582, at *35 (E.D.N.Y. Apr. 29, 2018).  "The participation giving rise to the benefit must be participation *in a sex-trafficking venture*, not participation in other activities engaged in by the sex traffickers

12

that do not further the sex-trafficking aspect of their venture." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019) (emphasis in original) (citing *U.S. v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016)). Plaintiff fails to even plead these essential elements of a TVPA violation, which alone requires the dismissal of her claim.

Such conclusory TVPA claims brought against alleged participants in and beneficiaries of trafficking schemes are properly dismissed on a Rule 12(b)(6) motion. *See Geiss*, 383 F. Supp. 3d at 169 (dismissing TVPA claim against Harvey Weinstein's employer because plaintiff failed to allege any benefits the employer received from participation in Weinstein's alleged sex-trafficking venture); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) ("The Amended Complaint does not contain any specific factual allegations that plausibly allege Robert [Weinstein] knew of, or participated in, Harvey's [Weinstein] alleged violation of Section 1591 in Cannes."); *Lawson*, 2018 U.S. Dist. LEXIS 71582, at *11 (dismissing TVPA claim where plaintiffs did not allege facts showing peripheral defendant knowingly benefited from participation in trafficking venture or knew or acted in reckless disregard of the fact that force, threats of force, fraud or coercion would be used to cause plaintiffs to engage in commercial sex act).

Plaintiff's TVPA claims fail for the additional reason that they impermissibly lump the Corporate Defendants' alleged conduct together. As explained above, "[w]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Ochre*, 2012 U.S. Dist. LEXIS 172208, at *16-17. A complaint such as this, which "lumps the [] defendants together and asserts that they collectively" committed certain alleged acts, requires dismissal." *Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd.*, No. 03-cv-7778 (DLC), 2004 WL 1328215, at *6 (S.D.N.Y. June 15, 2004); *see also Disability Rights New York v. New York State*, No. 17-cv-6965-RRM-SJB, 2019 WL 2497907, at *23–24

13

(E.D.N.Y. June 14, 2019) (where Amended Complaint "does not, for example, allege any particular actions [defendants] have taken pertaining to Plaintiff's claims" and "groups all Defendants together in a way that would make it impossible for each Defendant to understand what conduct he is alleged to have taken" the claims "should also be dismissed").

Therefore, Counts VIII-XI must be dismissed in their entirety.

### K.   Plaintiff's Claim Against Florida Science (Count VII) Must Be Dismissed For Lack Of Jurisdiction

Even if Plaintiff sufficiently asserted a claim against Florida Science, which she has not done, the claim must be dismissed because Plaintiff failed to allege facts establishing the Court has personal jurisdiction over Florida Science. Plaintiff has the burden of showing there is personal jurisdiction over Florida Science. *See Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*, No. 14-cv-804, 2014 U.S. Dist. LEXIS 108145, at *10 (S.D.N.Y. Aug. 4, 2014) (citing *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)). To determine whether personal jurisdiction is proper, courts must look to the forum state's long-arm statute. *Id.* (citing *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997)). In New York,

> a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent: 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or 2. commits a tortious act within the state (except defamation); or 3. commits a tortious act without the state causing injury within the state (except defamation), if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

CPLR § 302(a).

With respect to CPLR § 302(a)(1), "the overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York." *Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50,

14

61 (2d Cir. 2012) (citing *Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 508, 881 N.E.2d 830, 851 N.Y.S.2d 381 (2007)).  It is "the quality of the defendants' New York contacts that is the primary consideration."  *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380, 849 N.Y.S.2d 501, 880 N.E.2d 22 (2007).

According to the Amended Complaint, Florida Science was a Florida corporation conducting business in Florida.  (Am. Compl. ¶ 9.)  However, Plaintiff fails to allege what business Florida Science transacted in New York, if any, or how often.  Plaintiff certainly does not allege, much less establish, that "the quality of [Florida Science's] New York contacts" are sufficient to establish jurisdiction over it.  *See Fischbarg*, 9 N.Y.3d at 380.  Nor does Plaintiff allege Florida Science has ongoing New York activity sufficient to establish personal jurisdiction under CPLR § 302(a)(3).  Plaintiff's sole allegation even arguably connecting Florida Science to New York is the conclusory, group allegation that all Corporate Defendants "performed business, in whole or part, in New York."  (Am. Compl. ¶ 12.)  Yet, this allegation is belied by Plaintiff's numerous other allegations establishing Florida Science operated entirely in Florida.  (*Id.* ¶¶ 64-67.)

Accordingly, Count VII must be dismissed for lack of jurisdiction.

## L.   Plaintiff's Claims For Punitive Damages Must Be Dismissed Because They Are Precluded By New York, U.S. Virgin Islands, And Florida Law

Plaintiff is prohibited from recovering punitive damages in this action as a matter of law. When determining what law applies in diversity cases such as this, the court looks to the choice of law rules of the forum state.  *Simons v. Marriott Corp.*, 92 Civ. 3762 (SWK), 1993 U.S. Dist. LEXIS 14365, at *15 (S.D.N.Y. Oct. 12, 1993).  Under New York law, the law of the state where a tort occurs generally applies to punitive damages.  *See Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*, No. 14-cv-0463-JMF, 2015 U.S. Dist. LEXIS 60272, *7 (S.D.N.Y. May 7, 2015) ("Because punitive damages are conduct-regulating, 'the law of the jurisdiction where the tort

15

occurred will generally apply.'") (quoting *Deutsch v. Novartis Pharms. Corp.*, 723 F. Supp. 2d 521, 524 (E.D.N.Y. 2010); *Guidi v. Inter-Continental Hotels Corp.*, No. 95-CV-9006, 2003 U.S. Dist. LEXIS 6390, at *1 (S.D.N.Y. Apr. 16, 2003)).

Here, Plaintiff has alleged tortious conduct by Decedent occurring in three different places: New York, the USVI, and Florida.  The law of each of these locations precludes recovery of punitive damages against the estate of a deceased tortfeasor.

### 1.    New York Law Precludes Punitive Damages Against An Estate

The vast majority of Plaintiff's allegations allege conduct by Decedent in New York.  This is where she alleges meeting Decedent (Am. Compl. ¶¶ 78, 80, 86) and this is where she alleges Decedent promised to pay for her surgeries, which, according to Plaintiff, caused her to feel indebted to Decedent (*id.* ¶¶ 80-81).  She further alleges returning to Decedent's New York mansion "on many occasions where she was continually sexually abused."  (*Id.* ¶ 90.)  In fact, all of the alleged activity that took place while Plaintiff was a minor occurred in New York.  (*Id.* ¶ 93.)  Accordingly, New York law is the state with the greatest interest in this matter and would apply—at the very least—to all conduct that allegedly occurred while Plaintiff was a minor.

However, New York law precludes Plaintiff from recovering punitive damages from the Co-Executors.  New York Estates, Powers And Trusts Law provides: "No cause of action for injury to person or property is lost because of the death of the person liable for the injury.  For any injury, an action may be brought or continued against the personal representative of the decedent, *but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury*."  NY EPTL § 11-3.2 (a)(1) (emphasis added).  "Also, 'there is a strong policy against the assessment of punitive damages against an estate on account of wrongful conduct of the decedent.'"  *Graham v. Henderson*, 224 F.R.D. 59, 63 (N.D.N.Y. 2004) (quoting *Blissett v. Eisensmidt*, 940 F. Supp. 449, 457 (N.D.N.Y. 1996)).

16

New York General Construction Law § 37-a defines "personal injury" as including "an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another."  Here, Plaintiff seeks to recover damages for personal injuries.  Accordingly, Plaintiff may not recover punitive damages based on alleged torts that occurred in New York.

### 2.      USVI Law Precludes Punitive Damages Against An Estate

Even if USVI law applies to a portion of the alleged conduct, punitive damages would not be recoverable against the Co-Executors.  In 2011, the Supreme Court of the USVI effectively instructed USVI courts to apply what is now known as a "*Banks* analysis" to determine USVI common law.  *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 979 (V.I. 2011).  The *Banks* analysis includes consideration of three non-dispositive factors: (1) whether any USVI courts have previously adopted a particular rule; (2) the position taken by a majority of courts of other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the USVI. *Gov't of Virgin Islands v. Connor*, No. S. CT. CIV. 2013-0095, 2014 WL 702639, at *1 (V.I. Feb. 24, 2014). Applying the *Banks* factors here demonstrates that USVI courts would adopt the rule in the Restatement (Second) of Torts—which is also followed in the majority of United States jurisdictions, including New York—and hold that punitive damages are not available against a deceased tortfeasor's estate.

### i.      *Banks* factor one: previously, USVI courts favorably cited the Restatement section that precludes punitive damages against estates.

USVI courts have favorably recited the Restatement's rule precluding punitive damages against a decedent tortfeasor's estate.  *See, e.g.*, *Hamilton v. Dowson Holding Co.*, 51 V.I. 619, 628 (D.V.I. 2009); *Booth v. Bowen*, No. CIV. 2006-217, 2008 WL 220067, at *5 (D.V.I. Jan. 10, 2008).  In these cases, the U.S. District Court of the Virgin Islands considered the inverse of the issue here, *i.e.*, whether the personal representatives of an estate may obtain punitive damages in

17

an action arising from the decedent's wrongful death.  In determining that punitive damages were not available under such circumstances, the courts cited the Restatement, which provides that "[p]unitive damages are not awarded against the representatives of a deceased tortfeasor nor, ordinarily, in an action under a death statute."  Restat. (Second) of Torts § 908 cmt. a (emphasis added).  Accordingly, this *Banks* factor favors the Co-Executors.

> ### ii.    *Banks* factor two: a majority of U.S. jurisdictions do not permit an award of punitive damages based on the wrongful acts of a decedent.

This *Banks* factor overwhelmingly supports the Co-Executors' position.  The majority of U.S. jurisdictions do not permit an award of punitive damages against the personal representatives of an estate based on the actions of the deceased tortfeasor.  *See Crabtree v. Estate of Crabtree*, 837 N.E.2d 135, 138 (Ind. 2005) ("The majority view denies punitive damages."); 2 Linda L. Schlueter, *Punitive Damages* § 20.4 (7th ed. 2015) ("[A] majority of jurisdictions will not award punitive damages against a deceased tortfeasor's estate." (citing Alec A. Beech, *Adding Insult to Death: Why Punitive Damages Should Not Be Imposed Against a Deceased Tortfeasor's Estate in Ohio*, 49 Akron L. Rev. 553 (2016))); Timothy R. Robicheaux and Brian H. Bornstein, *Punished, Dead Or Alive: Empirical Perspectives on Awarding Punitive Damages Against Deceased Defendants*, 16 Psych. Pub. Pol. and L. 393, 398 (2010) ("The Restatement (Second) of Torts (1965) is one authority stating that punitive damages should not follow the death of a wrongdoer, and the majority of courts considering the issue have provided rulings consistent with this position.").

> ### iii.   *Banks* factor three: Post-*Banks*, USVI courts have favorably applied Restatement Section 908 to questions regarding punitive damages.

The third *Banks* factor weighs strongly in favor of the Co-Executors as well.  Post-*Banks*, USVI Courts have already found that Section 908 of the Restatement is "the soundest rule for the

Virgin Islands with respect to the imposition of an award of punitive damages." *Pappas v. Hotel on the Cay Time-Sharing Ass'n*, 69 V.I. 3, 15 n.8 (U.S.V.I. Super. Ct. 2015) (citing *Davis v. Christian*, 46 V.I. 557 (D.V.I. App. Div. 2005), *Isaac v. Crichlow*, 63 V.I. 38, 2015 V.I. LEXIS 15 (V.I. Super. Ct. 2015), *St. Thomas House, Inc. v. Barrows*, 15 V.I. 435 (V.I. Terr. Ct. 1979), *Brandy v. Flamboyant Inv. Co., Ltd.*, 24 V.I. 249 (V.I. Terr. Ct. 1989), and *Thomas v. Rijos*, 780 F. Supp. 2d 376, 380 (D.V.I. 2011)); *Powell v. Chi-Co's Distrib.*, No. ST-13-TOR-14, 2014 V.I. LEXIS 21, at *5 n.13 (U.S.V.I. Super. Ct. Apr. 3, 2014) ("Applying a *Banks* analysis, the Court finds that Restatement (Second) of Torts § 908(2) reflects the common law of this jurisdiction.").

Because every *Banks* factor favors the Co-Executors, to the extent USVI law applies to the alleged tortious conduct that occurred there, Plaintiff cannot recover an award of punitive damages against the Co-Executors.

### 3. Florida Law Precludes Punitive Damages Against An Estate

To the extent Florida law applies to torts allegedly occurring there, the result is the same. "Florida law prohibits recovery of punitive damages from the estate of a wrongdoer who is deceased." *Poindexter v. Zacharzewski*, No. 18-cv 14155, 2018 U.S. Dist. LEXIS 189861, *6 (Nov. 5, 2018 S.D. Fla.) (citing *Lohr v. Byrd*, 522 So. 2d 845, 846 (Fla. 1988) ("[A] decedent's innocent heirs should not be punished when the wrongdoer is unavailable because of death. In so holding, we join the majority of jurisdictions in this country that have considered this issue.").

*\*\*\**

Nor are punitive damages available to Plaintiff under the TVPA, which is a punitive statute. *Francisco v. Susano*, 525 Fed. App'x 834 (10th Cir. 2013). A federal cause of action that is penal in nature, as opposed to remedial, abates upon a party's death. *Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 13-cv-5475 (JS) (AKT), 2017 U.S. Dist. LEXIS 123752, at *22 (E.D.N.Y. Aug. 3, 2017). Even where a federal cause of action survives death,

punitive damages are unavailable.  *See, e.g.*, *Medrano v. MCDR, Inc.*, 366 F. Supp. 2d 625, 635 (W.D. Tenn. 2005) (dismissing deceased plaintiff's claim for punitive damages under 42 U.S.C. § 1981).

Therefore, Plaintiff's claims for punitive damages must be dismissed for all Counts.

## IV.    CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court dismiss Counts I, III-V, and VII-XI of the Amended Complaint in their entirety and dismiss Counts II and VI in part, to the extent they are time-barred, together with such other and further relief as the Court deems just and proper.[3]

Dated: New York, New York
       February 3, 2020

By: */s/ Bennet J. Moskowitz*
    Bennet J. Moskowitz
    TROUTMAN SANDERS LLP
    875 Third Avenue
    New York, New York 10022

    *Attorney for Defendants*

---

[3] Plaintiff's original Complaint named Nine East 71st Street Corporation and Maple, Inc. as defendants.  Plaintiff's Amended Complaint does not assert any claims against those defendants.  Accordingly, Defendants respectfully request that the Court Order the clerk to designate this action terminated as to Nine East 71st Street Corporation and Maple, Inc. and to amend the caption accordingly.

41322162v1