UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATLYN DOE,

                *Plaintiff*,

    v.

DARREN K. INDYKE AND RICHARD D. KAHN AS JOINT PERSONAL REPRESENTATIVES OF THE ESTATE OF JEFFREY E. EPSTEIN, FINANCIAL TRUST COMPANY, INC., NES, LLC, FLORIDA SCIENCE FOUNDATION, INC., HBRK ASSOCIATES, INC., JEGE, INC.,

                *Defendants.*

Case No. 1:19-cv-07771-PKC-DCF

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants*

41760137v1

## TABLE OF CONTENTS

Page

ARGUMENT ............................................................................................................................... 1

    A.    The Court should strike Plaintiff's 52-page opposition brief to the extent it violates the 25-page limit set forth in this Court's Individual Practices ................ 1

    B.    CPLR § 215(8)(a) does not apply because Decedent's indictment and this action do not arise from the same event or occurrence, which the rule requires ................................................................................................................... 1

    C.    Plaintiff's assertion that the New York Child Victims' Act revived her time-barred claims alleging torts that occurred when she was an adult is not credible ............................................................................................................ 3

    D.    Plaintiff fails to address the missing damages element of her negligence claims against the Corporate Defendants; her claims against them fail for this reason alone ..................................................................................................... 4

    E.    Plaintiff's assertion she has limited knowledge about the Corporate Defendants does not excuse her pleading failures including to allege facts of which she has knowledge ................................................................................... 4

    F.    Plaintiff's Amended Complaint relies on paragraphs which are identical, generic allegations against each Corporate Defendant .......................................... 5

    G.    Plaintiff's attempt to salvage her time-barred TVPA claims does not overcome her failure to sufficiently allege an overt act occurring after August 20, 2009 ............................................................................................................ 6

    H.    Plaintiff effectively concedes she failed to meet her burden to show jurisdiction over Florida Science, asking for permission to "fill in the holes" in her amended pleading ........................................................................... 7

    I.    There is no sound basis for Plaintiff's request that the Court disregard black-letter law prohibiting recovery of punitive damages against a deceased tortfeasor's estate .................................................................................... 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Appalachian Enters. v. ePayment Sols. Ltd.*,
   No. 01 CV 11502 (GBD), 2004 U.S. Dist. LEXIS 24657 (S.D.N.Y. Dec. 7,
   2004) ..................................................................................................................................7

*Christodoulou v. Terdeman*,
   262 A.D.2d 595 (2d Dept. 1999) ....................................................................................1, 2

*Fischbarg v. Doucet*,
   9 N.Y.3d 375 (2007) ............................................................................................................8

*Gallina v. Thatcher*,
   No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct.
   23, 2018) ..............................................................................................................................2

*Grunewald v. U.S.*,
   353 U.S. 391 (1957) ............................................................................................................7

*Jazini by Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir. 1998) ................................................................................................9

*Kahlily v. Francis*,
   No. 08-c-1515, 2008 U.S. Dist. LEXIS 101745 (N.D. Ill. Dec. 16, 2008) .........................10

*Crabtree ex rel. Kemp v. Estate of Crabtree*,
   837 N.E.2d 135 (Ind. 2005) ................................................................................................9

*Lehigh Valley Indus., Inc. v. Birenbaum*,
   527 F.2d 87 (2d Cir. 1975) ..................................................................................................9

*McElligott v. City of N.Y.*,
   No. 15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829 (S.D.N.Y. Dec. 7,
   2017) ....................................................................................................................................2

*Sabol v. Bayer Healthcare Pharm., Inc.*,
   No. 18 Civ. 11169 (VM), 2020 U.S. Dist. LEXIS 24691 (S.D.N.Y. Feb. 12,
   2020) ....................................................................................................................................8

*Tighe v. Purchase*,
   No. 1:11-cv-224, 2015 U.S. Dist. LEXIS 57488 (W.D. Pa. May 1, 2015) .........................10

*United States v. Ben Zvi*,
   242 F.3d 89 (2d Cir. 2001) ..................................................................................................7

*United States v. LaSpina*,
   299 F.3d 165 (2d Cir. 2002) ..................................................................................6, 7

*Upper Hudson Planned Parenthood, Inc. v. Doe*,
   No. 90-CV-1084, 1991 U.S. Dist. LEXIS 13063 (N.D.N.Y. Sep. 12, 1991) ............................7

*Yellow Page Sols., Inc. v. Bell Atl. Yellow Pages Co.*,
   No. 00-cv-5663 (MBM), 2001 U.S. Dist. LEXIS 18831 (S.D.N.Y. Nov. 14,
   2001) ..................................................................................................................8

**Statutes**

18 U.S.C. § 1594(c) ...................................................................................................6

E.P.T.L. § 11-3.2(a)(1) ..............................................................................................9

N.Y. Penal Law § 130 ............................................................................................3, 4

**Other Authorities**

CPLR 214-g ..............................................................................................................3

CPLR §215(8) ...................................................................................................1, 2, 3

Defendants[1] submit this reply memorandum of law in support of their motion to dismiss Counts I, III-V and VII-XI of Plaintiff's Amended Complaint in their entirety, Counts II and VI to the extent they are time-barred, and Plaintiff's punitive damages claim.

## ARGUMENT

**A. The Court should strike Plaintiff's 52-page opposition brief to the extent it violates the 25-page limit set forth in this Court's Individual Practices**

Plaintiff's 52-page opposition brief (ECF Doc. 63) ("Opposition Brief") grossly exceeds the 25-page limit set forth in this Court's Individual Practices § 4(D). Therefore, the Court should strike pages 26 through 52 of the Opposition Brief. Alternatively, Defendants request leave to file a supplemental brief of up to 10 pages to avoid being unfairly prejudiced by Plaintiff's violation.

**B. CPLR § 215(8)(a) does not apply because Decedent's indictment and this action do *not* arise from the same event or occurrence, which the rule requires**

To avoid New York's one-year battery statute of limitations for claims based on conduct that allegedly occurred when Plaintiff was an adult and thus not revived by the New York Child Victims' Act ("CVA"), Plaintiff asks this court to apply CPLR § 215(8)(a), which states: "[w]henever it is shown that a criminal action against the same defendant has been commenced ***with respect to the event or occurrence from which a claim governed by this section arises***, the plaintiff shall have at least one year from the termination of the criminal action … to commence the civil action" (emphasis added). However, a plain reading of the subject indictment of Decedent attached to Plaintiff's Complaint (the "Indictment") confirms it does not arise from the alleged conduct that gave rise to this action such that CPLR § 215(8)(a) is inapplicable.

New York courts apply CPLR § 215(8)(a) narrowly. *See Christodoulou v. Terdeman*, 262 A.D.2d 595, 596 (2d Dept. 1999) (CPLR § 215(8)(a) applied only to claims based on events of

---

[1] Capitalized terms not defined here have the meanings ascribed to them in Defendants' moving brief (ECF Doc. 60).

41760137v1

February 26, 1993 and December 28, 1993, because it was only in connection with events of those two days that criminal prosecution was commenced against defendant); *Gallina v. Thatcher*, No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct. 23, 2018) (§ 215(8)(a) inapplicable and rejecting plaintiff's argument that incidents in criminal and civil action were part of the same ongoing events); *McElligott v. City of N.Y.*, No. 15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829, at *13 (S.D.N.Y. Dec. 7, 2017) (§ 215(8)(a) inapplicable to claims against civil defendants not charged in criminal action, notwithstanding same events gave rise to both actions).

*Gallina* is especially instructive here.  In *Gallina*, an individual sued an attorney for battery based on the core allegation that, over the course of two years, the attorney committed various sexual misconduct against the plaintiff.  2018 N.Y. Misc. LEXIS 8435, at *1.  Defendant had also been criminally charged with forceable touching of plaintiff occurring in 2017.  *Id*. at *3.  The court dismissed as time-barred plaintiff's battery counts based on alleged 2016 incidents, finding:

> Plaintiff argues that the July and October 2016 incidents are part of the same ongoing course of events as the February, March and May 2017 incidents and should therefore be deemed timely commenced … the case law does not support Plaintiff's interpretation of … CPLR §215(8)(a). The criminal instruments … demonstrate that Defendant was charged for incidents occurring on three (3) specific dates … Pursuant to CPLR §215(8)(a), tolling would apply only to claims based on these dates, "because it was only in connection with the events of these [three] days that a criminal prosecution was commenced against the defendant." *Christodoulou v. Terdeman*, 262 AD2d 595, 596 [2d Dept. 1999]. As criminal charges were not commenced with respect to the July 2016 and October 2016 events, the tolling provisions of CPLR §215(8) do not apply.

*Id*. at *3-4.  Here, Plaintiff asserts a far more tenuous connection between this action and the Indictment than the one unsuccessfully asserted in *Gallina* (and the other cited cases).

Plaintiff's contention that she "was interviewed as part of that 2019 criminal sex trafficking case against [Decedent] and treated as such by the Government" (Am. Compl. ¶ 33), does not alter the result.  Plaintiff alleges her abuse began in 2007.  (*Id.* ¶¶ 25-27.)  By contrast, the Indictment

2

expressly states that it concerns abuse of minors during the time period 2002 – 2005. (ECF Doc. 52-2 at ¶¶ 1, 20). That the Indictment leaves open the mere possibility that the time period could be longer does not refute the fact that it does not refer to any misconduct occurring in 2007, let alone the misconduct alleged by Plaintiff here. Further, the caselaw discussed above firmly establishes that the Indictment's lack of any concrete reference to conduct in 2007 means CPLR § 215(8)(a) cannot apply. Indeed, Plaintiff's allegation that prosecutors knew about her claims suggests the omission of any reference to them in the Indictment was intentional. Regardless, the Indictment has nothing to do with Plaintiff's claims concerning the time period when she was an adult. The Indictment charges Decedent sexually abused "minor girls" from 2002 to 2005 (*id.*), stating throughout that it concerns sex trafficking of minors. (*Id*. ¶¶ 2-4, 6, 8, 11-15, 18-20, 22.)[2]

### C. Plaintiff's assertion that the New York *Child* Victims' Act revived her time-barred claims alleging torts that occurred when she was an adult is not credible

Plaintiff also attempts to save her time-barred claims by arguing that, because she alleges a so-called series of acts by Decedent (Op. Br.)—*i.e.*, some when she was a minor and others when she was an adult—the New York *Child* Victims' Act somehow revives all of those time-barred claims, regardless of her age at the time. A plain reading of the CVA shows this is wrong.

The CVA is very clear: it only revives claims "which would constitute a sexual offense as defined in article one hundred thirty of the penal law ***committed against a child less than eighteen years of age***." CPLR 214-g (emphasis added). Neither the CVA, its legislative history, nor the widespread legal analyses of it suggest otherwise. Accordingly, the CVA does not revive any of Plaintiff's time-barred claims unless they (1) allege N.Y. Penal Law § 130 violations, and (2) occurred when Plaintiff was a minor.

---

[2] Plaintiff's assertion that she was given notice of a hearing in Decedent's criminal matter (Op. Br. at 6) has no bearing on whether her Amended Complaint and the Indictment arise out of the same event or occurrence (they do not). This assertion is also outside Plaintiff's pleading and thus cannot be considered on this motion.

3

41760137v1

The "continuing offense" doctrine, which Plaintiff now invokes for the first time, does not alter this analysis. As the only claims that the CVA can possibly revive are ones based on N.Y. Penal Law § 130 offenses committed against Plaintiff when she was a minor, such offenses necessarily occurred before Plaintiff turned eighteen in 2007 or 2008. Alleged misconduct after that date is not a continuation of the alleged Penal Law § 130 offenses against a minor. Unsurprisingly, Plaintiff fails to cite any authority that the CVA applies in this fashion.

### D. Plaintiff fails to address the missing damages element of her negligence claims against the Corporate Defendants; her claims against them fail for this reason alone

Despite submitting a 52-page Opposition Brief, Plaintiff fails to refute that she did not sufficiently plead the damages element of her negligence claims against the Corporate Defendants. In her Opposition Brief, Plaintiff cites numerous conclusory allegations from her Amended Complaint.[3] However, none of those allegations states how anything the Corporate Defendants did or failed to do contributed to Plaintiff's damages resulting from ***Decedent's*** (not anyone else's) alleged abuse of her. This pleading deficiency alone requires dismissal of these claims.

### E. Plaintiff's assertion she has limited knowledge about the Corporate Defendants does not excuse her pleading failures including to allege facts of which she has knowledge

Plaintiff attempts to justify her obvious lack of sufficient factual allegations against the Corporate Defendants by claiming she "has limited information about how the corporate defendants were acting and cooperating to facilitate Epstein's sexual misconduct." (Op. Br. at 19,

---

[3] Plaintiff's purported examples of specificity in her Amended Complaint actually establish the lack of specificity therein. For example, Plaintiff argues: "The complaint explains that '[d]espite such knowledge, Financial Trust knowingly placed Jeffrey Epstein in a position to cause foreseeable harm, which could have been prevented had [it] taken reasonable care in making decisions regarding the retention and supervision of Jeffrey Epstein.'" (Op. Br. at 10-11.) This allegation exemplifies the type of conclusory allegations that predominate in Plaintiff's Amended Complaint. There are no alleged ***facts*** about how FTC "knowingly placed Jeffrey Epstein in a position to cause foreseeable harm," or the "reasonable care" FTC should have but did not take that would have affected Plaintiff. Nor does Plaintiff identify any specific FTC employees, let alone a nexus between their conduct and Decedent's alleged conduct to Plaintiff.

4

24.) This argument fails for two reasons. First, this excuse may be the reason Plaintiff failed to state a claim against the Corporate Defendants, but it is not a reason to deny this motion.[4] Second, there is no justification for Plaintiff's failure to allege facts of which she should have personal knowledge, such as who, other than Decedent, did anything wrong to her.

### F. Plaintiff's Amended Complaint relies on paragraphs which merely contain identical, generic allegations against each Corporate Defendant

Plaintiff, citing paragraphs 39 through 63 of her Amended Complaint, asserts that she does not rely on impermissible group pleading, but rather "specific, detailed paragraphs about each of the corporate defendants." (Op. Br. at 17-18.) However, these paragraphs are just lists of identical allegations cut and pasted for each defendant. For example:

- ¶ 40: "HBRK employees were hired by Epstein strictly to perform functions to allow his sexual activity with young females, including minors, to continue."

- ¶ 48: "JEGE employees were hired by Epstein strictly to perform functions to allow his sexual activity with young females, including minors, to continue."

- ¶ 56: "NES employees were hired by Epstein strictly to perform functions to allow his sexual activity with young females, including minors, to continue."[5]

Simply repeating these allegations and changing the name of the defendant does not render Plaintiff's impermissible group pleading proper. Plaintiff's claims against the Corporate Defendants must be dismissed on this basis alone.

---

[4] Plaintiff claims she "need not explain the details of each defendant's role in the planning, funding, and executing defendants' alleged joint [] scheme." (Op. Br. at 24.) This is irrelevant. Plaintiff's failure to "explain the details of each defendant's role" is not the basis for Defendants' motion to dismiss. Rather, it is Plaintiff's failure to provide *any* factual matter whatsoever to support the claims against the Corporate Defendants.

[5] This is true for almost all of the allegations, so that paragraphs 39, 47, and 55 are identical; paragraphs 40, 48, and 56 are identical; paragraphs 41, 49, and 57 are identical; paragraphs 43, 51, and 59 are identical; paragraphs 50 and 58 are identical; paragraphs 44, 52, and 60 are identical; paragraphs 45, 53, and 61 are identical; and paragraphs 46, 54, and 62 are identical.

5

### G. Plaintiff's attempt to salvage her time-barred TVPA claims does not overcome her failure to sufficiently allege an overt act occurring after August 20, 2009

Plaintiff ignores that, under *Iqbal*, *Twombly* and their progeny, she is not permitted to simply tick off the elements of TVPA claims in formulaic fashion. Rather, Plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiff did not meet this standard. For example, with respect to the allegations that the Corporate Defendants "knowingly benefitted" from the alleged sex trafficking ring, Plaintiff actually makes the Co-Executors' case. In arguing that her allegations are sufficient, she exposes just how conclusory and lacking in facts they are:

> … Count VIII alleges that Financial Trust "knowingly benefitted" from the Epstein sex trafficking venture. … Count X alleges that HBRK Associates "knowingly benefitted" from the Epstein sex trafficking venture. … And Count XI alleges that JEGE "by and through its management and personnel knowingly benefitted, financially and by receiving things of value, from participating in a venture (the Epstein sex trafficking venture ….).

(Op. Br. at 31, internal citations omitted.) Consequently, the TVPA claims must be dismissed.

Plaintiff argues that her TVPA claims are not partially time-barred because she has alleged Defendants conspired to violate the TVPA under 18 U.S.C. § 1594(c). This is wrong. As an initial matter, Plaintiff, whose TVPA causes of action invoke numerous other TVPA sections, has not even attempted to salvage her time-barred TVPA claims that are not based on § 1594(c). Those must be dismissed.

To state a timely TVPA conspiracy claim, Plaintiff must allege facts setting forth an overt act in furtherance of the alleged conspiracy that occurred after August 20, 2009. *See United States v. LaSpina*, 299 F.3d 165, 173 (2d Cir. 2002) ("[A]t least one overt act in furtherance of the conspiratorial agreement [must have been] performed within [the statute of limitations] period.") (citing *United States v. Ben Zvi*, 242 F.3d 89, 97 (2d Cir. 2001)). Plaintiff failed to make such an allegation beyond a recitation of the elements of a TVPA conspiracy claim and the unsupported

6

statement that all such conduct occurred between 2009 and 2014. Nowhere in the Amended Complaint does Plaintiff allege any specific act by anyone that would make her claims timely. "[I]t [is] incumbent upon plaintiff to allege with at least some degree of particularity overt acts which defendants engaged in which are reasonably related to the promotion of the concealed conspiracy. … Additionally, while a plaintiff should not plead mere evidence, [s]he should make an effort to provide some details of time and place and the alleged effect of the conspiracy." *Upper Hudson Planned Parenthood, Inc. v. Doe*, No. 90-CV-1084, 1991 U.S. Dist. LEXIS 13063, at *36 (N.D.N.Y. Sep. 12, 1991) (internal citations and brackets omitted). Plaintiff's allegations referring to conduct beyond August 20, 2009 are simply too vague and conclusory to avoid a clear application of the TVPA's statutory limitations period.[6]

### H. Plaintiff effectively concedes she failed to meet her burden to show jurisdiction over Florida Science, asking for permission to "fill in the holes" of her amended pleading

Plaintiff has the burden to make a *prima facie* showing that the Court has jurisdiction over Florida Science. *See Appalachian Enters. v. ePayment Sols. Ltd.*, No. 01 CV 11502 (GBD), 2004 U.S. Dist. LEXIS 24657, at *8 (S.D.N.Y. Dec. 7, 2004). Plaintiff fails to meet this burden.

Plaintiff argues the Amended Complaint is "replete" with the required minimum contacts between Florida Science and New York. However, the totality of those contacts, ***according to Plaintiff***, are: (i) Florida Science existed for the sole purpose of allowing Decedent to abuse young females (which has ***nothing*** to do with contacts between Florida Science and New York); (ii) Decedent—***not*** Florida Science—flew Plaintiff from New York to Florida to work at Florida Science (which also does not show any contact between Florida Science and New York); and (iii)

---

[6] "The Supreme Court has warned that it 'views with disfavor attempts to broaden the already pervasive and wide-sweeping nets of conspiracy prosecutions.'" *United States v. LaSpina*, 299 F.3d 165, 174 (2d Cir. 2002) (citing *Grunewald v. U.S.*, 353 U.S. 391, 404 (1957)).

7

Decedent contacted Plaintiff in New York while he worked for Florida Science.  (Op. Br. at 32-33.)[7]  These allegations are insufficient to confer jurisdiction over a company that Plaintiff alleges is a Florida corporation, does business in Florida, and has its principal place of business in Florida.  (Am. Compl. ¶ 9.)  *See, e.g.*, *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380, (2007) ("'the quality of the defendants' New York contacts … is the primary consideration.").

Plaintiff does not cite any authority showing that all she needs to establish jurisdiction over a non-New York company is an allegation that one of its employees merely contacted someone in New York.  To the contrary, *Sabol v. Bayer Healthcare Pharm., Inc.*, No. 18 Civ. 11169 (VM), 2020 U.S. Dist. LEXIS 24691, at *17 (S.D.N.Y. Feb. 12, 2020), which Plaintiff cites, confirms she has not made a sufficient showing.  In *Sabol* the court held there was no personal jurisdiction over the defendant, finding "conclusory allegations are not enough to establish personal jurisdiction." *Id*. at *17 (citing, *inter alia*, *Yellow Page Sols., Inc. v. Bell Atl. Yellow Pages Co.*, No. 00-cv-5663 (MBM), 2001 U.S. Dist. LEXIS 18831, at *9 (S.D.N.Y. Nov. 14, 2001) ("plaintiff cannot rely merely on conclusory statements or allegations, … the prima facie showing must be 'factually supported.'").  Here, Plaintiff provides only conclusory allegations concerning jurisdiction.  Accordingly, per *Sabol*, Plaintiff's claims against Florida Science must be dismissed.

Tacitly admitting her failure to meet her burden to establish a *prima facie* showing of jurisdiction over Florida Science, Plaintiff requests "limited discovery and an evidentiary hearing to establish personal jurisdiction" to "fill in the holes" of her insufficient allegations.  (Op. Br. at 39.)  However, where, as here, a plaintiff asserts conclusory allegations without any supporting

---

[7] Plaintiff also claims Florida Science is subject to jurisdiction in New York because it committed a tortious act within the State, asserting Florida Science cannot "swoop into New York, sexually traffic one victim away to a different state and then complain that the New York courts lack jurisdiction…." (Op. Br. at 34-35.)  This is an odd argument, as Plaintiff does not allege anywhere that Florida Science ever "swooped into New York" and "trafficked a victim to a different state."  In fact, Plaintiff does not allege that Florida Science entered New York at all.  As explained above, the most Plaintiff has alleged is that **Decedent** called her ***from Florida*** while employed by Florida Science.

facts and thus fails to establish a *prima facie* case of jurisdiction, discovery is unwarranted. *See Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998) ("Since [plaintiffs] did not establish a prima facie case that the district court had jurisdiction over [defendant], the district court did not err in denying discovery on that issue."); *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 94 (2d Cir. 1975) ("There are no allegations of specific facts which would connect Norman with any New York activity … We conclude that there is a threshold failure here to establish any basis for finding that Norman committed any tortious activity in New York and that there was no abuse of discretion below in denying discovery."). Therefore, Plaintiff's claims against Florida Science should be dismissed and her request for discovery denied.

### I. There is no sound basis for Plaintiff's request that the Court disregard black-letter law prohibiting recovery of punitive damages against a deceased tortfeasor's estate

Plaintiff asks this Court to create new law in two different ways, both of which should be rejected. First, Plaintiff requests that the Court disregard the express language of E.P.T.L. § 11-3.2(a)(1) and black-letter Florida, Federal, and USVI law—all of which prohibit recovery of punitive damages against a deceased tortfeasor's estate—and instead create a new rule of law requiring that, when a decedent's death is "self-inflicted," such prohibitions, even statutory (as is the case in New York), do not apply. (Op. Br. at 38.) However, Plaintiff cites no law to support this request aside from dicta in a single Indiana state law decision—hardly persuasive—in which Indiana joined the majority of jurisdictions (including New York, Florida and the USVI) and held: "Indiana law does not permit recovery of punitive damages from the estate of a deceased tortfeasor." *Crabtree ex rel. Kemp v. Estate of Crabtree*, 837 N.E.2d 135, 139 (Ind. 2005).

Second, based on the erroneous premise that these unequivocal prohibitions on punitive damages are "affirmative defenses," Plaintiff also requests that the Court apply the doctrine of equitable estoppel to bar such prohibitions. (Op. Br. at 7.) However, these black-letter prohibitions

9

on punitive damages are not affirmative defenses; so equitable estoppel is inapplicable. In any event, Plaintiff cites no law supporting her assertion that Decedent's suicide somehow constituted affirmative wrongdoing to her sufficient to invoke the exceptional doctrine of equitable estoppel.

Plaintiff also erroneously claims she is entitled to punitive damages under USVI law, but without refuting the Co-Executors' determinative *Banks* analysis establishing the opposite. Instead, Plaintiff states, without any authority, that Decedent's suicide requires a different result. Plaintiff also asks to be permitted to "develop a factual record" to "predict how the Virgin Island courts would rule." (Op. Br. at 46.) But this question is entirely a legal one. No amount of facts will aid the Court in its determination. Discovery would be a waste of time.

Plaintiff similarly argues she is entitled to punitive damages under Florida law, not because Defendants' analysis is wrong, but rather by speculating that Decedent's heirs are not "innocent." (Op. Br. 46-47.) However, Plaintiff does not cite any legal authority supporting her request for discovery to determine if there are any "innocent" heirs—an impossible, inappropriate determination to make in any event.

Federal courts applying federal law also preclude recovery of punitive damages against a tortfeasor's estates. *See, e.g.*, *Kahlily v. Francis*, No. 08-c-1515, 2008 U.S. Dist. LEXIS 101745, at *19 (N.D. Ill. Dec. 16, 2008) ("awarding punitive damages in such situations would not serve the overall policies behind punitive damages") (applying federal common law); *Tighe v. Purchase*, No. 1:11-cv-224, 2015 U.S. Dist. LEXIS 57488, at *19 (W.D. Pa. May 1, 2015) (same).

## Conclusion

For the reasons stated above and in Defendants' Moving Brief (ECF Doc. 60), Defendants respectfully request that the Court grant Defendants' motion to dismiss.

10

41760137v1

| | |
|---|---|
| Dated: New York, New York<br>March 10, 2020 | By: */s/ Bennet J. Moskowitz*<br>Bennet J. Moskowitz<br>TROUTMAN SANDERS LLP<br>875 Third Avenue<br>New York, New York 10022<br><br>*Attorney for Defendants* |

41760137v1