UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATLYN DOE,<br><br>     *Plaintiff*,<br><br> v.<br><br>DARREN K. INDYKE AND RICHARD D. KAHN AS JOINT PERSONAL REPRESENTATIVES OF THE ESTATE OF JEFFREY E. EPSTEIN, FINANCIAL TRUST COMPANY, INC., NES, LLC, FLORIDA SCIENCE FOUNDATION, INC., HBRK ASSOCIATES, INC., JEGE, INC.,<br><br>     *Defendants*. | Case No. 1:19-cv-07771-PKC-DCF |

**DEFENDANTS' SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants*

Pursuant to the Court's Order entered on March 21, 2020 (ECF Doc 67), Defendants[1] submit this supplemental reply memorandum of law in support of their motion to dismiss Counts I, III-V and VII-XI of Plaintiff's Amended Complaint in their entirety, Counts II and VI to the extent they are time-barred, and Plaintiff's punitive damages claim.

## Preliminary Statement

On February 26, 2020, Plaintiff, without obtaining leave, filed a 52-page brief in opposition to the Defendants' motion to dismiss (ECF Doc. 63) ("Opposition Brief"), grossly exceeding the 25-page limit set forth in this Court's Individual Practices § 4(D). In their opposition brief, the Co-Executors asked the Court to strike pages 26 through 52 of the Opposition Brief, or, in the alternative, for leave to file a supplemental reply brief of up to 10 pages, to avoid being unfairly prejudiced by Plaintiff's violation. Plaintiff thereafter filed a belated motion to file its "overlength reply," in which her counsel "apologize[d] [for] overlooking this particular rule" (ECF Doc. 66.). On March 21, 2020, Magistrate Judge Freeman entered an Order accepting the "oversized opposition brief filed by Plaintiff" and ruling "Defendants may file a supplemental reply brief of up to 10 pages" (ECF Doc. 67). Defendants submit this supplemental reply brief solely to concisely address those matters which justify additional briefing in light of Plaintiff's "oversized" opposition brief.

## Supplemental Argument

**A. Plaintiff's counsel admitted to Judge Ramos that he is suing entities associated with Decedent in hopes of obtaining insurance proceeds.**

As fully explained in the Co-Executors' moving and reply briefs, Plaintiff's claims against the Corporate Defendants are deficient as a matter of law – and, indeed, hard to even comprehend – for several independent reasons (e.g., each is either partially or entirely time-barred, based on

---

[1] Capitalized terms not defined here have the meanings ascribed to them in Defendants' moving brief (ECF Doc. 60).

impermissible group pleading and conclusory recitals of the elements of the asserted causes of action, and missing required elements of the asserted causes of action). During a pre-motion conference held on December 17, 2019 in another pending S.D.N.Y. action in which counsel for Plaintiff, on behalf of another client, sued the Co-Executors, FTC, NES and HBRK – all Defendants in this action – based on Decedent's alleged "commercial sex acts" with that client, Plaintiff's counsel's motivation for naming the Corporate Defendants in this action became clear:

> THE COURT: Mr. Edwards, I hold these promotion [sic] conferences to see whether or not we can avoid costly and time consuming motion practice, to see whether short of that we can streamline the issues to be adjudicated. ***And reading the complaint and reading defendant's letter, it seems to me that some of [Defendants' Counsel's] challenges are well taken, the group pleading for example, the conclusory statements concerning what the employees of the various corporate entities were doing***. And I take it, based on the charges in the complaint, that the plaintiff here, Ms. Doe, first became involved with Mr. Epstein when she was 17 in 2002 but continued to be victimized as alleged until 2010, so presumably she was by that point 25 years old.
>
> MR. EDWARDS: Correct.
>
> THE COURT: Approximately. And presumably she had in her head additional greater detail concerning specific individuals and specific actions that were taken, so all of which is to ask rather than jump immediately into motion practice, do you believe there is a way that you might be able to amend the complaint in order to address some of these alleged deficiencies?
>
> MR. EDWARDS: I do, your Honor. And I think there is also an additional way that can probably streamline things significantly. ***One of the reasons that additional parties were brought into this case, the corporate defendants, is the belief -- what I think would be an obvious belief -- that there would likely be insurance coverage to cover some of these acts***.

*Lisa Doe v. Darren K. Indyke and Richard D. Kahn as joint personal representatives of the Estate of Jeffrey E. Epstein, et al.*, 1:19-cv-07773 (ER) (DCF), (Dec. 17, 2019 Tr. 9:20 – 10:22) (emphasis added).[2]

---

[2] A copy of the transcript of the pre-motion conference before Judge Ramos is attached as Exhibit A to the Declaration of Bennet J. Moskowitz submitted herewith.

2

Plaintiff's Counsel's admission to Judge Ramos helps explain – but does not excuse – why Plaintiff in this action has, even after amending her Complaint, failed to sufficiently allege **_facts_** about the Corporate Defendants.  In any event, even without Plaintiff's Counsel's admission, the claims against the Corporate Defendants must be dismissed for the reasons explained in the Co-Executors' moving and reply briefs.

It bears mentioning that Lisa Doe's Amended Complaint did not "streamline" anything. Nor are Defendants aware of any applicable insurance coverage in either action. Counsel's speculative "belief" that there might potentially be insurance coverage for intentional torts of the nature alleged in this action is misguided and, in any event, not a sound reason to sue a bunch of companies about which he admits his client in this action knows next to nothing.[3]

**B. Plaintiff's generalized assertions do not support a finding by the Court, necessary at the pleadings stage, that any of the Corporate Defendants plausibly owed her a duty of care.**

Disregarding for the moment that Plaintiff's counsel's admission to Judge Ramos in and of itself exposes her claims against the Corporate Defendants as baseless, her negligence claims must be dismissed because she fails to sufficiently allege various elements of those causes of action.  While the Co-Executors previously explained this, they did not have sufficient space in their reply brief to cite additional instructive authorities on this point.

Decisions rendered in this District firmly establish that dismissal of Plaintiff's negligence claims against the Corporate Defendants is required in this action, where Plaintiff, even after amending her Complaint purportedly to address these very deficiencies, failed to allege sufficient

---

[3] In her Opposition Brief, Plaintiff concedes: "To be sure, given that Doe is making allegations about Epstein's criminal enterprise and its corporate allies and conduits, she does not possess perfect knowledge about how every facet of how Epstein's enterprise operated." (Op. Br. p. 24.) Plaintiff also requests "limited discovery and an evidentiary hearing to establish personal jurisdiction" to "fill in the holes" of her insufficient allegations. (*Id.* p. 39.)

3

*facts* necessary to support a claim that any of the Corporate Defendants owed her a duty of care. Plaintiff devotes a large portion of her Opposition Brief to repeating generic allegations, which she cut and pasted (i.e., repeated) for each Corporate Defendant, that amount to nothing more than recitations of the elements of negligence. However, where, as here, a complaint contains only "generalized assertions that the defendants owed [the plaintiff] 'a duty of care,'" it fails to sufficiently state a negligence claim as a matter of law. *See Torain v. Casey*, 16-cv-2682 (VEC) (JCF), 2016 U.S. Dist. LEXIS 127681, at *17 (S.D.N.Y. Sep. 16, 2016), adopted by, dismissed by 2016 U.S. Dist. LEXIS 157693 (S.D.N.Y. Nov. 14, 2016). *See also Farash v. Cont'l Airlines, Inc.*, 337 F. App'x 7, 9 (2d Cir. 2009) (affirming the district court's judgment dismissing for failure to state a claim a *pro se* plaintiff's complaint alleging negligence because his allegations "even if true and evaluated under the forgiving standard generally applied to pro se litigants, do not make out the elements of the torts asserted.")[4]

Magistrate Judge Francis' following findings in his report and recommendation in *Torain* (adopted by Judge Caproni), in which he recommended dismissal with prejudice of a *pro se* plaintiff's complaint asserting negligence claims, is instructive on this point:

> ***the complaint contains no facts to support a finding that any of the defendants owed the plaintiff a duty of care***. *See Almeciga v. Center for Investigative Reporting, Inc.*, 121 F. Supp. 3d 379, 382-83 (S.D.N.Y. 2015) ("***The threshold question in any negligence action is whether the alleged tortfeasor owes a duty of care to the injured party, and the existence and scope of that duty is a legal question for the courts to determine***." (quoting *Sheila C. v. Povich*, 11 A.D.3d 120, 125, 781 N.Y.S.2d 342, 347 (1st Dep't 2004))). ***Mr. Torain's generalized assertions that the defendants owed him a "duty of care*** not to expose [him] to severe emotional distress, mental anguish, [and] humiliation" and "to stop engaging in the conduct describe [sic] herein and/or to intervene to prevent or prohibit said conduct" (Complaint, ¶¶ 35, 45), ***do not plausibly suggest that the defendants owed a duty to him in any cognizable legal sense***, see *Palsgraf v. Long Island Rail Road Co.*, 248 N.Y. 339, 341, 162 N.E. 99, 99 (1928) ("Negligence is

---

[4] Here, Plaintiff is represented by counsel. Accordingly, she is not entitled to the "forgiving standard" which the plaintiff in *Farash* failed to meet in any event.

4

> not actionable unless it involves the invasion of a legally protected interest, the violation of a right."); *see also General Star Indem. Co. v. Platinum Indem. Ltd.*, No. 00 Civ. 4960, 2002 U.S. Dist. LEXIS 29193, 2002 WL 31159106, at *3 (S.D.N.Y. Sept. 27, 2002) ("A plaintiff must show more than a duty owed to a potentially limitless class of people, but rather a specific duty owed to the plaintiff."), much less the type of special duty required to support a claim for negligent infliction of emotional distress, *see Druschke v. Banana Republic, Inc.*, 359 F. Supp. 2d 308, 315 (S.D.N.Y. 2005) (explaining that a claim of negligent infliction of emotional distress "***requires proof of a duty owed by the defendant to the plaintiff that is far more specific than the more generalized duty to avoid negligently injuring another***").

*Id.* at *16-17 (emphasis added) (alterations in original).

Plaintiff here, like the plaintiff in *Torain*, has alleged nothing more than generalized assertions that the Corporate Defendants owed a duty to her. For example, Plaintiff alleges: "At all times material to this cause of action, [Decedent] and Corporate Defendants owed a duty to Plaintiff to treat her in a non-negligent manner and not to commit, or conspire to commit, or cause to be committed intentional, criminal, fraudulent, or tortious acts against Plaintiff, including any acts that would cause Plaintiff to be harmed … ." (Am. Compl. ¶ 14). She recites not a single fact supporting the existence of a duty for any Corporate Defendant. Accordingly, as in *Torain*, Plaintiff's negligence claims should be dismissed.

### C. Plaintiff's conclusory assertion that the Corporate Defendants were in the business of facilitating sex trafficking is insufficient to state a negligence claim.

In her opposition brief, Plaintiff also argues that her conclusory allegation that the Corporate Defendants were in the business of "facilitating" Decedent's "sex trafficking operations" supports a negligence claim against them (*see, e.g.*, Op. Br. p. 13). However, "[i]f the Plaintiff is correct that her conclusory assertions are sufficient to state a claim, then any employer could be subjected to vicarious liability for sexual assault based on an allegation that the employer's

5

business involved facilitating rape." *See Doe v. Abdulaziz Bin Fahd Alsaud*, 12 F. Supp. 3d 674, 679 (S.D.N.Y. 2014) (Sweet, J.).

Judge Sweet's decision in *Abdulazis* is instructive on this point. In that case, an individual sued a corporation that served the needs of its client, a Saudi prince, for negligent supervision, negligent retention and respondeat superior based on the core allegation that the company knew or should have known that one of its employees, who raped plaintiff, had a predisposition for abusing women, violent propensities and was a sexual predator. *Id*. at 676. The plaintiff alleged that the employee's duties included luring unsuspecting women to gratify the prince's sexual pleasure. *Id*. at 674. The company moved to dismiss the plaintiff's amended complaint for failure to state a claim, which the court granted. *Id*. at 675.

With respect to the plaintiff's respondeat superior claims, Judge Sweet found: (i) New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context; (ii) no decision had been cited in which the doctrine of respondeat superior was held to apply to sexual assault; (iii) the amended complaint did not contain allegations that establish the assault furthered the company's business interests, even if those interests somehow included luring women to a hotel to benefit the prince; (iv) even if the plaintiff had sufficiently pleaded that the company had direct knowledge of prior sexual misconduct on the part of its employee, which she did not, that still would not give rise to respondeat superior liability in the absence of an allegation that the misconduct was part of any actual responsibility the employee had to the company; (v) (addressing the Plaintiff's contention that the case involved an "unusual" situation in which the employee's sexual misconduct had a business purpose—to help the prince rape women) the plaintiff was required to plead more than conclusory allegations and present

sufficient facts to create a reasonable inference that the employee's job and the company's business included sex crimes; (vi) the support the plaintiff alleged was "merely the accusation itself," which fell short of "nudging [her claims] across the line from conceivable to plausible" under *Twombly*; and (vii) "The Plaintiff alleges that [the employee's] duties included luring women to the Plaza Hotel for the benefit of the Prince and his entourage. Plaintiff has not alleged any facts to support this accusation, and it is therefore 'naked assertion' devoid of 'further factual enhancement' that is insufficient to sustain a cause of action under *Iqal* [sic] and *Twombly*." (*Id*. at 674-80.)

With respect to the plaintiff's claims for negligent supervision or retention, Judge Sweet: (i) found the claims failed because, among other things, the underlying tort did not occur anywhere near the company's premises or with its chattels as alleged by plaintiff and the plaintiff failed to allege the company exercised any dominion or control over the place where the rape occurred; and (ii) rejected the plaintiff's contention that she should be given an opportunity to take discovery because "almost all of the conclusive information regarding notice lies within Defendants' [sic] exclusive control," finding, "[a]s with respondeat superior claims, courts dismiss negligent supervision and retention claims at the pleading stage, before discovery." (*Id*. at 680 – 83 (citations omitted).)

Here, Plaintiff's complaint suffers the same defects as the plaintiff's amended complaint in *Abdulazis* (among others), including a failure to articulate any facts to support her bald assertion that the Corporate Defendants were in the business of facilitating sex trafficking. Plaintiff also makes many of the same arguments as the plaintiff in *Abdulaziz*, which Judge Sweet rejected, including that she should be permitted to proceed to discovery because the Corporate Defendants possess the information she needs to sufficiently assert her claims. Therefore, whether her

7

negligence claims are based on rospondeat superior or negligent supervision or retention, they should be dismissed.

## Conclusion

    For the reasons stated above and in Defendants' Moving Brief (ECF Doc. 60) and Reply Brief (ECF Doc. 64), Defendants respectfully request that the Court grant Defendants' motion to dismiss.

Dated: New York, New York  
        April 10, 2020

By: */s/ Bennet J. Moskowitz*  
    Bennet J. Moskowitz  
    TROUTMAN SANDERS LLP  
    875 Third Avenue  
    New York, New York 10022

    *Attorney for Defendants*